389 A.2d 143

**Paul G. LEBKUECHER**

v.

**Dr. Michael J. LOQUASTO and Dr. Robert A. Kinsey, Appellants,**

v.

**Dr. Frank A. WOLF, Jr., Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1977.

Decided July 12, 1978.

Gary S. Figore, Easton, for appellants.

No appearance entered nor brief submitted for appellee, Paul G. Lebkuecher.

Donald H. Lipson, Allentown, submitted a brief for appellee, Dr. Frank A. Wolf, Jr.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

Paul G. Lebkuecher, a Pennsylvania resident, brought the instant malpractice suit against Dr. Michael J. Loquasto and Dr. Robert A. Kinsey, both chiropractors, practicing in Pennsylvania, who allegedly injured him while treating him for a pelvic condition. Drs. Loquasto and Kinsey sought to bring in Dr. Frank A. Wolf, Jr., a New Jersey physician, as additional defendant, contending that plaintiff's injuries resulted from improper diagnosis and treatment by Dr. Wolf. Dr. Wolf successfully contested joinder on the ground of lack of *in personam* jurisdiction. The original defendants took this appeal from the order denying joinder.

As it is undisputed that all treatment appellee[1] Wolf rendered to plaintiff was performed in New Jersey, the governing Pennsylvania statute is the Act of November 15, 1972, P.L. 1063, No. 271, 42 Pa.C.S. 8304:[2]

"Any nonresident of this Commonwealth who, acting individually, under or through a fictitious business name or through an agent, servant or employee, shall have any business in this Commonwealth on or after August 30, 1970, . . . shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual, if and only if at the time the cause of action accrued or the harm or financial loss occurred, the nonresident or the resident who shall thereafter have become a nonresident, shall have been doing any business within this Commonwealth as heretofore provided."

At the time the cause of action accrued (the operative time under the statute), appellee's activities in Pennsylvania consisted of being licensed to practice medicine here and

1. The designation "appellee" will be used herein to refer to Dr. Wolf. Plaintiff has taken no part in the proceedings on this appeal.

2. Section 8303 would have been applicable had appellee's allegedly tortious conduct occurred in Pennsylvania, and Section 8305 would apply had the harm his conduct allegedly caused occurred in Pennsylvania.

maintaining a classified listing in the Easton, Pennsylvania telephone directory.[3]

■■■ As it is not contended that the cause of action arose out of appellee's activities in Pennsylvania,[4] those activities must meet the test set forth in *Bork v. Mills,* 458 Pa. 228, 329 A.2d 247 (1974), where the court said:

"In the words of § 35 of the Restatement of Conflicts 2d, '. . . a state has power to exercise judicial jurisdiction over an individual who does business in the state with respect to causes of action that do not arise from the business done in the state if this business is so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction."

Thus, the issue here is whether possessing a license to practice medicine in Pennsylvania and listing oneself in a Pennsylvania classified telephone directory add up to "continuous and substantial" business activities. We think not.

■■■ The mere possession of a license accomplishes nothing in the way of pecuniary gain; it only broadens opportunities for such gain. It is the actual practice of a profession in Pennsylvania and not the possession of the right to practice that brings a person within the jurisdiction of a Pennsylvania Court; Section 8309 of the Act of 1972, *supra,* provides as follows:

"(a) Any of the following shall constitute 'doing business' for the purposes of this chapter;

. . . . .

(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies."

3. Appellee is presently on the staff of an Easton hospital; however, the record indicates that he did not join the staff until December of 1975, some two months after plaintiff's complaint was filed and more than two years after appellee last saw the plaintiff.

4. Plaintiff was referred to appellee for treatment by another New Jersey physician.

This is the only reference to licensing in the enumeration. As for the telephone listing, we observed in *Nettis v. DiLido Hotel,* 215 Pa.Super. 284, 257 A.2d 643 (1969) that a defendant who advertises in a state does not *ipso facto* subject himself to the jurisdiction of its courts; there we stated:

"The defendant's insertion of an advertisement in the Jewish Exponent newspaper does not constitute an introduction of the defendant's business into the State: [citation omitted]; nor does a continued practice of advertising [citation omitted] or sending a train of cars for the purpose of exhibition or advertisement [citation omitted]."

■ We might well reach a different conclusion if appellee were aggressively seeking Pennsylvania residents as patients (see *Garfield v. Homowack Lounge,* 249 Pa.Super. 392, 378 A.2d 351 (1977)), or if plaintiff had sought appellee's services in response to his "advertising." (See *Hart v. McCollum,* 249 Pa.Super. 260, 376 A.2d 644 (1977)). We hold only that one seeking to subject a nonresident defendant to the jurisdiction of a Pennsylvania court to answer for alleged tortious acts whose commission and consequences were confined to another state must show some more substantial business relationship between the defendant and Pennsylvania than a Pennsylvania professional license and classified telephone listing.

Order affirmed.

SPAETH, J., joins the majority opinion and notes in addition that the result in *Garfield v. Homowack Lounge,* 249 Pa.Super. 392, 378 A.2d 351 (1977), in which jurisdiction was found on the basis of advertising within the state, also depended on the defendant being a corporation, which is not the case here.

PRICE, J., dissents. He would hold that the advertising in the yellow pages of the Easton, Pennsylvania telephone directory plus the maintaining of a license to practice medicine in Pennsylvania is sufficient to establish in personam jurisdiction over appellee. *Garfield v. Homowack Lounge,*

249 Pa.Super. 392, 378 A.2d 351 (1977); *Hart v. McCollum*, 249 Pa.Super. 260, 376 A.2d 644 (1977). He would, therefore, reverse the order of the lower court.

JACOBS, President Judge, and WATKINS, former President Judge, did not participate in the consideration or decision of this case.