**Jane Heslinga COOK and Nelson Cook, Jr., Plaintiffs,**

v.

**G. D. SEARLE & CO., INC., a corporation, and Dr. Brian Donaldson and Dr. David E. Bates, Defendants.**

**Civ. No. 78–14–2.**

United States District Court,
S. D. Iowa,
Central Division.

Sept. 13, 1979.

As Amended Sept. 14, 1979.

Robert J. Spayde, Spayde & Rielly, Garold F. Heslinga, Heslinga & Heslinga, Oskaloosa, Iowa, for plaintiffs.

·Charles E. Miller, Lane & Waterman, Davenport, Iowa, for defendant G. D. Searle & Co.

H. Richard Smith, Paul F. Ahlers, and James E. Cooney, Ahlers, Cooney, Dorweiler, Haynie & Smith, Des Moines, Iowa, for defendants Donaldson & Bates.

## RULING ON MOTIONS TO DISMISS

VIETOR, District Judge.

Plaintiffs, wife and husband, bring this tort action against the manufacturer of a contraceptive device and two doctors who prescribed use of the device by plaintiff wife, alleging that plaintiff wife was injured by use of the device.

The Court now has before it for ruling the motions to dismiss of the doctors, defendants Donaldson and Bates, for lack of personal jurisdiction.

The moving defendants were served under Iowa's Long Arm Statute, Iowa Code § 617.3,[1] which provides in pertinent part:

If a nonresident person * * * commits a tort in whole or in part in Iowa against a resident of Iowa, such acts shall be deemed to be doing business in Iowa by such person for the purpose of service of process or original notice on such person under this section, and shall be deemed to constitute the appointment of the secretary of state of the state of Iowa to be the true and lawful attorney of such person upon whom may be served all lawful process or original notice in actions or proceedings arising from or growing out of such * * * tort.

For purposes of the motions to dismiss, the following facts appear undisputed. At all times material hereto, the plaintiff wife was a resident of Iowa, although she was temporarily residing in Colorado for the purpose of attending college there at the time of her contact with the defendant doctors. The defendant doctors resided in and practiced medicine in Colorado. They never resided in and never practiced medicine in Iowa, and were never licensed to practice medicine in Iowa. While plaintiff wife was attending college in Colorado, the defendant doctors prescribed for her use a contraceptive device manufactured by the defendant manufacturer. Much later, in Iowa, the contraceptive device caused serious illness and injury to the plaintiff wife.

"Long arm" personal jurisdiction must comport with the due process principle expressed in *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945):

[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." [Citations omitted.]

The following amplification of the minimum contacts requirement appears in *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–1240, 2 L.Ed.2d 1283 (1958):

---

1. Service under Iowa's Long Arm Statute was pursuant to Fed.R.Civ.P. 4(e).

The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but is is essential in each case that there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

The "purposefully avails himself" requirement of *Hanson* was recently applied by the United States Supreme Court in *Kulko v. California Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), and *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977).

The following appears in the Restatement (Second) of Conflict of Laws § 37, p. 156 (1971):

A state has power to exercise judicial jurisdiction over an individual who causes effects in the state by an act done elsewhere with respect to any cause of action arising from these effects unless the nature of the effects and of the individual's relationship to the state make the exercise of such jurisdiction unreasonable.

■ Minimum contact cases must be analyzed on a case by case basis. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

Plaintiffs rely heavily on *Edmundson v. Miley Trailer Co.*, 211 N.W.2d 269 (Iowa 1973). That case is factually distinguishable; each nonresident defendant either sold or serviced automotive products in the stream of commerce, and the products caused an accident in Iowa.

Cases factually similar to the instant case are: *Wright v. Yackley*, 459 F.2d 287 (9th Cir. 1972); *Kurtz v. Draur*, 434 F.Supp. 958 (E.D.Pa.1977); *Gelineau v. New York Univ. Hospital*, 375 F.Supp. 661 (D.N.J.1974); *McAndrew v. Burnett*, 374 F.Supp. 460 (M.D.Pa.1974). Each one is a medical malpractice case in which the treatment took place in the nonresident defendant's state and the resulting injury or death occurred later in the forum state. In each the court held that the due process minimum contacts test of *International Shoe* was not satisfied. The Ninth Circuit Court of Appeals stated the reasons very well in *Wright v. Yackley, supra*, 459 F.2d at 289–91:

In the case of personal services focus must be on the place where the services are rendered, since this is the place of the receiver's (here the patient's) need. The need is personal and the services rendered are in response to the dimensions of that personal need. They are directed to no place but to the needy person herself. It is in the very nature of such services that their consequences will be felt wherever the person may choose to go. However, the idea that tortious rendition of such services is a portable tort which can be deemed to have been committed wherever the consequences foreseeably were felt is wholly inconsistent with the public interest in having services of this sort generally available. Medical services in particular should not be proscribed by the doctor's concerns as to where the patient may carry the consequences of his treatment and in what distant lands he may be called upon to defend it. The traveling public would be ill served were the treatment of local doctors confined to so much aspirin as would get the patient into the next state. The scope of medical treatment should be defined by the patient's needs, as diagnosed by the doctor, rather than by geography.

This focus on the provision of medical services in the location where they are needed leads to the conclusion that the exercise of *in personam* jurisdiction in this situation would be unreasonable in terms of certain of the factors that must be balanced to determine compliance with due process. First, the amount of contact between defendant and forum state is determined by the chance occurrence of a resident of the forum state seeking treatment by the doctor while in the latter's state. From the very nature of the average doctor's localized practice, there is no systematic or continuing effort on the

part of the doctor to provide services which are to be felt in the forum state. *Compare International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Second, the nature of the contacts is normally grounded outside of any relationship with the forum state. Unlike a case involving voluntary, interstate economic activity, for example, which is directed at various states in order to benefit from effects sought in those states, *compare McGee v. International Life Ins. Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Duple Motor Bodies, Ltd. v. Hollingsworth*, 417 F.2d 231 (9th Cir. 1969); *Jones Enterprises, Inc. v. Atlas Service Corp.*, 442 F.2d 1136 (9th Cir. 1971), here the residence of a recipient in the forum state is irrelevant and incidental to the benefits provided by the defendant in his location. *See Tilley v. Keller Truck & Implement Corp.*, 200 Kan. 641, 649, 438 P.2d 128, 134 (1968); Developments in the Law—State-Court Jurisdiction, 73 Harv.L.Rev. 909, 929 (1960). Thus the defendant is not one who "purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Nor are medical services comparable to acts performed by a nonresident for the very purpose of having their consequences felt in the forum state. *See* Currie, The Growth of the Long Arm, 1963 Ill.L. Forum 533, 549; Reese & Galston, Doing an Act or Causing Consequences as Bases of Judicial Jurisdiction, 44 Iowa L.Rev. 249, 260–61 (1959).

Finally, the forum state's natural interest in the protection of its citizens is here countered by an interest in their access to medical services whenever needed. In our opinion, a state's dominant interest on behalf of its citizens in such a case as this is not that they should be free from injury by out-of-state doctors, but rather that they should be able to secure adequate medical services to meet their needs wherever they may go. This state interest necessarily rejects the proposition that the sufficiency of out-of-state treatment is subject to in-state inquiry. Thus, state interest in general, another of the factors relevant to a due process inquiry, *see McGee v. International Life Ins. Co.*, *supra*, 355 U.S. at 223, 78 S.Ct. 199, 2 L.Ed.2d 223; *Aftanase v. Economy Baler Co.*, 343 F.2d 187, 197 (8th Cir. 1965), does not, in combination with the character of the other factors, suffice to support jurisdiction. [Footnote omitted.]

 In my judgment, the reasoning of the Court in *Wright v. Yackley, supra,* applies equally to the instant case. No tort was committed by the moving defendants within the state of Iowa which would constitutionally confer jurisdiction under that state's long arm statute.

The motions to dismiss of defendants Donaldson and Bates are sustained for lack of personal jurisdiction.