## Danhart v. Whitt

*M. Scot Curran*, for defendant.
*Kenneth J. Nolan*, for additional defendant.

BELL, *J.*, October 9, 1981—This action for wrongful death and survival damages was commenced by Debra L. Danhart, wife of decedent, Henry H. Danhart, against defendant, John Lee Whitt. The substance of the complaint is that original defendant fired a rifle, the shots from which entered decedent's home, striking him. Thereafter, decedent underwent surgery on two occasions at the Washington Hospital, and was also admitted once to Wheeling Hospital located in Wheeling,

West Virginia. A bilateral massive pulmonary emboli resulted in Mr. Danhart's death.

After the original complaint was filed, defendant Whitt filed a complaint to join additional defendants, including Wheeling Hospital, averring that the pulmonary emboli resulted primarily from the negligence of additional defendants. Preliminary objections to the complaint to join additional defendants were filed by the Wheeling Hospital and brought the issue of personal jurisdiction to this court's attention.[1]

The ground rule is that actions for personal torts, such as death by wrongful act, are transitory in their nature and may be brought wherever the wrongdoer may be found or where jurisdiction over his person may be obtained. The Judicial Code, 4w Pa.C.S.A. §§5301(a)(2) and 5322, govern the basis for personal jurisdiction over nonresident corporations. Briefly stated, the Pennsylvania long arm statute at 42 Pa.C.S.A. §§5301(a)(2), provides for the tribunals of Pennsylvania to exercise general personal jurisdiction where there is either " . . . [i]ncorporation under or qualification as a foreign corporation under the laws of Pennsylvania or this Commonwealth, [or c]onsent, to the extent authorized by the consent, [or t]he carrying on of a continuous and systematic part of the general business within this Commonwealth."

The Uniform Interstate and International Procedure Act, 42 Pa.C.S.A. §§5321-5329, contains various provisions pertaining to the personal jurisdiction of Pennsylvania courts over persons outside of Pennsylvania. This act provides that without excluding any activity that may constitute transacting business in Pennsylvania (i.e., section

---

1. This opinion only addresses the preliminary objections presented by Wheeling Hospital.

5301(a)(2) activities), any of a number of acts might empower a court to exercise personal jurisdiction. Some of the acts enumerated in section 5322 are the transaction of business in Pennsylvania, contracting to supply services or things in this Commonwealth and causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth.[2]

While only a single instance of an act listed under section 5322(a) might empower a court to assume jurisdiction over a non-resident, section 5322(c) limits such an application by providing that when jurisdiction is based solely upon this section, the original defendant must show that there is a connection between the alleged contacts with Pennsylvania and the cause of action being pursued.

In attempting to establish a basis for jurisdiction over Wheeling Hospital, the complaint of defendant Whitt asserts only that

"the defendants Wheeling Hospital, Robert J Reed, M.D., and Herbert Dickie, M.D. have patients and/or clients who reside in Washington County, and other substantial contacts with the Commonwealth of Pennsylvania."

No contention was made that either the cause of action arose out of Wheeling Hospital's activities within Pennsylvania or that Wheeling Hospital systematically and regularly buys supplies, contracts, or conducts business with persons in this Commonwealth. Rather, it is speculated that because of the hospital's proximity to our border, a number of Pennsylvania and county residents are patients of the hospital and are billed for their treatment. Additionally, it is assumed that the hospital solicits pa-

---

2. Other acts or activities enumerated in section 5322 are inapposite to the matter presently before us.

tients and employes in Pennsylvania.[3] It is also noted, sua sponte, that by causing harm or injury to a resident of this Commonwealth the hospital would come under the aegis of section 5322(a).

However, the issue of whether Wheeling Hospital can be subjected to the jurisdiction of this court does not end with a finding that the actions come under the literal language of the long arm and Uniform Interstate and International Procedure statutes. The factual basis must be tested against both the statutory and the constitutional "minimum contacts" standards: Kenny v. Alexson Equipment Co., _____ Pa. _____, 432 A. 2d 974 (1981).

The "minimum contacts" test of International Shoe[4] serves two purposes: to protect non-residents from the burden of litigating in inconvenient forums and to insure that individual states do not impinge upon the sovereignty of their sister states. "Like any standard that requires a determination of 'reasonableness,' the 'minimum contacts' test of International Shoe is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." Kulko v. Superior Court of Calif., 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed. 2d 132, 141 (1978).

It is essential in each case that there be some act by which defendant *purposefully avails himself to the privilege of conducting activities within the forum state:* Hanson v. Denckla, 357 U.S. 235, 78

---

3. The court notes that Wheeling Hospital is not listed in this county's telephone directory, nor was there any proof that the hospital actively advertises for patients or employes.

4. International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

S.Ct. 1228, 2 L.Ed. 2d 1283 (1958) (emphasis supplied).

In the present case, the only contact Wheeling Hospital has with this Commonwealth is that, presumably, a percentage of patients are from Pennsylvania and, allegedly, an act of malpractice on its part resulted in harm to a Pennsylvania resident. This "effect test," by itself, is not enough: Kenny v. Alexson Equipment, supra; Jacobs v. Lakewood Aircraft Service, Inc., 493 F. Supp. 46 (E.D. Pa. 1980).[5]

In the absence of either a sustained promotional campaign or the aggressive seeking of patients, we cannot find that Wheeling Hospital is engaged in "continuous and substantial" business activities, thereby making it reasonable to assume jurisdiction under either 42 Pa.C.S.A. §§ 5301 or 5322: Lebkuecher v. Loquasto, 255 Pa. Superior Ct. 608, 389 A. 2d 143 (1978);[6] Whalen v. Walt Disney World Co., 274 Pa. Superior. Ct. 246, 418 A. 2d 389 (1980).

## ORDER

And now, October 9, 1981, the preliminary objection of the additional defendant, Wheeling Hospital, in the nature of motion to dismiss for lack of personal jurisdiction is granted.

5. Plaintiff brought action in Pennsylvania for wrongful death against New Jersey aircraft repair shop that advertised in Reading, Pa. Air Show brochure. Held—Jurisdiction could not be based on 'effects test' alone without meeting constitutional demands for fairness.

6. Held—New Jersey physician's possessing license to practice medicine in Pennsylvania and listing himself in Pennsylvania telephone directory did not provide enough basis for assumption of the personam jurisdiction for alleged acts of malpractice.