**Ahmed GHANEM, Diana Ghanem, Plaintiffs,**

v.

**Edwin J. KAY, D.P.M., Defendant.**

**Civ. A. No. 84–1439.**

United States District Court, District of Columbia.

Oct. 26, 1984.

Joseph H. Koonz, Jr., Carolyn McKenney, Roger C. Johnson, and Mark J. Brice, Washington, D.C., for plaintiffs.

Gary W. Brown, Washington, D.C., for defendant.

MEMORANDUM–ORDER

GASCH, District Judge.

I. BACKGROUND

This is a malpractice action brought by plaintiff Ahmed Ghanem, a District of Columbia resident, against a podiatrist who treated him for callouses on his left foot, Dr. Edwin J. Kay (a Maryland resident). Mr. Ghanem's complaint alleges that he consulted Dr. Kay in May, 1982 and was told that non-invasive surgery would be necessary. According to the complaint, Dr. Kay performed invasive surgery on both of plaintiff's feet without his consent causing "a severe infection in plaintiff's left foot, joint damage in plaintiff's right foot, and surgical fractures to the fifth metatarsal heads of both of plaintiff's feet." Plaintiff asserts that Dr. Kay's actions constitute performance of surgery without informed consent, negligent performance of surgery, and negligent management of infection and is seeking $500,000. Mr. Ghanem's wife, Diana Ghanem, is seeking an additional $100,000 for loss of consortium.

Dr. Kay has filed a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). He maintains that since his office is in Maryland and plaintiff was treated in

Maryland, the District of Columbia long-arm statute is not satisfied.

## II. DISCUSSION

The facts controlling this motion are not disputed. As mentioned above, Dr. Kay's office is in Maryland and plaintiff received all treatment there. Dr. Kay is licensed to practice podiatry both in Maryland and the District of Columbia. According to his affidavit, however, he has not practiced in the District since 1947.[1] He has advertised and listed his phone number in the District of Columbia Yellow Pages.[2] A medical report submitted by Dr. Kay indicates that Mr. Ghanem was referred to Dr. Kay by a friend and did not consult Dr. Kay as a result of any solicitation efforts directed at District residents.

The burden of establishing the basis for the exercise of jurisdiction is on the plaintiffs. *See, e.g., Hutton v. Piepgras*, 451 F.Supp. 205, 207 (S.D.N.Y.1978). The first requirement for the Court to have personal jurisdiction over Dr. Kay in this action is that the District of Columbia long-arm statute be satisfied. *See* D.C.Code 13–423 (1981). Plaintiffs argue that Dr. Kay's actions constituted "transacting any business" within the meaning of section 13–423(a)(1)[3] and therefore that the statute is satisfied. As plaintiffs correctly point out, recent decisions by the District of Columbia Court of Appeals establish that section 13–423(a)(1) "covers any transaction of business in the District of Columbia that can be reached jurisdictionally without offending the due process clause." *Mouzavires v. Baxter*, 434 A.2d 988, 993 (D.C.1981), *cert. denied*, 455 U.S. 1006, 102 S.Ct. 1643, 71 L.Ed.2d 875 (1982). Thus, rather than engaging in separate inquiries as to whether statutory and constitutional requirements are satisfied by virtue of Dr. Kay's being licensed and advertising in the District, the two inquiries merge into one question: whether the defendant's activities are such that jurisdiction would violate the due process clause. *See, e.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 290, 100 S.Ct. 559, 563, 62 L.Ed.2d 490 (1980); *Museum v. F. Eberstadt & Co.*, 440 F.Supp. 30, 31 (D.D.C.1977) ("[o]ur inquiry need not be bifurcated [where] the constitutional and statutory provisions are coextensive...."). Thus, the sole issue is whether defendant's activities constitute the minimum contacts that must exist between a nonresident defendant and the forum state for maintenance of the suit to "not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Application of the *International Shoe* test has centered on consideration of whether "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being hauled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 297, 100 S.Ct. at 567. A defendant is deemed to be in this position where there is "some act by which the defendant *purposefully avails* itself of the privilege of conducting activities within the forum state...." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958) (emphasis supplied).

As counsel for defendant has noted, there is a great deal of authority supporting the conclusion that solicitation alone is not sufficient to constitute purposeful availment. *See, e.g., Frene v. Louisville Cement Co.*, 134 F.2d 511, 515 (D.C.Cir. 1943); *Landell v. Northern Pac. Ry. Co.*,

---

**1.** Plaintiffs have offered nothing to contradict this representation and have not disputed its accuracy.

**2.** Dr. Kay initially swore in an affidavit attached to his motion to dismiss that he did not advertise in the Yellow Pages. However, after plaintiffs attached copies of Kay's ads to their opposition, Dr. Kay conceded that, in fact, he did advertise in this fashion.

**3.** Section 13–423(a)(1) provides that: "A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's ... transacting any business in the District of Columbia."

98 F.Supp. 479, 482 (D.D.C.1951). Thus the motion before the Court turns largely on whether the fact that Dr. Kay is licensed in the District of Columbia is sufficient to constitute the purposeful availment discussed in *Hanson v. Denckla* even though he has not practiced in the District of Columbia in thirty-seven years.

There is little case law addressing the issue. Although there are numerous cases where courts dismissing actions against nonresident physicians have noted as one possible factor that defendants were *not* licensed in the jurisdiction in question,[4] this is not dispositive of whether dismissal is appropriate if the defendant is licensed in the jurisdiction. In resolving this question, the Court finds the reasoning contained in a recent Pennsylvania decision addressing virtually identical facts [5] to be persuasive. In *Lebkuecher v. Loquasto*, 255 Pa.Super. 608, 389 A.2d 143, 145 (1978), the Court held that "it is the actual practice of a profession ... and not the possession of the right to practice that brings a person within the jurisdiction of a ... court." [6] A nonresident physician who arranges to be licensed in the District would not by this act alone reasonably anticipate being required to defend a suit brought in the District of Columbia. Of course, where a nonresident physician is not only licensed in a jurisdiction but carries on significant activities within that jurisdiction, the due process requirement of minimum contacts between a defendant and a forum state is satisfied.

## III. CONCLUSION

Because plaintiffs have failed to meet their burden of demonstrating that jurisdic-

tion over the defendant would be proper, this action is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).

SO ORDERED.

---

**4.** *See, e.g., Cook v. G.D. Searle & Co.,* 475 F.Supp. 1166 (S.D.Iowa 1979); *McGee v. Riekhof,* 442 F.Supp. 1276 (D.Mont.1978).

**5.** The *Lebkuecher* decision involved a physician with offices in New Jersey who was licensed to practice in both Pennsylvania and New Jersey and was listed in Pennsylvania telephone directories. As in the instant case, there was no indication that the physician aggressively sought patients in the forum state or that the plaintiff had sought the defendant's services in response to defendant's listing in the forum state's phone book.

**6.** Although it might be argued that the holding of *Lebkuecher* is not applicable to the instant case because the District of Columbia long-arm statute has been given such a broad interpretation, this Court holds that on the facts of the instant case (*i.e.,* where the physician has not aggressively sought patients in the forum and the plaintiff did not consult defendant as a result of forum activities by the defendant), possession of a license (and a listing in the forum jurisdiction's phone book) without practicing in the forum is not sufficient to meet the due process requirements that limit jurisdiction under all long-arm statutes.