**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1081
_____

ALBERT ROBINSON,
Appellant

v.

SECTION 23, PROPERTY OWNER'S ASSOCIATION, INC.;
KEATHEL CHAUNCEY, Esq. as Trustee; FRESH LEGAL PERSPECTIVE PL;
ELLIE TENG; SCOTT HUNDLEY; ZACHARY HEATHCOTE;
SUZANNE BARNHART; STAN WISNIEWSKI; BRUCE EMERSON;
BONAFIDE PROPERTIES, LLC; JAMES SHAEFER; JOHN MCNAMARA;
STEVEN JOSEPH BUTCHER; JAMIE ELAINE MILLER;
DAVID MELVIN; DEVIN CRAIG SHULER; JASON MATLOY;
DAVID KEITH OAKS; AUTO OWNERS INSURANCE COMPANY;
THE LAW FIRM OF HENDERSON, FRANKLIN, STARNES & HOLT;
RICHARD BARTON AKIN, II, Esquire; MICHAEL PAUL VERSNIK;
JANE AND JOHN DOE HERNANDEZ; PATRICIA SCHAEFER;
CHELSEA SMITH-SCOTT; CURTRIGHT COLLINS TRUITT;
JOHN DOE THIEF; THE LAW FIRM OF CURTRIGHT C. TRUITT PA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:16-cv-09384)
District Judge: Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 23, 2019

Before: KRAUSE, SCIRICA and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 25, 2019)

_____

OPINION*
_____

PER CURIAM

Albert Robinson alleges that he is a Texan living in Georgia. He filed in the United States District Court for the District of New Jersey an amended complaint naming as defendants a collection of Florida-based law firms and lawyers, as well as other Florida-based individuals and entities (collectively, "Defendants").[1] Robinson purported to raise claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), various federal civil rights statutes, Florida's "Civil Remedies for Criminal Practices Act," and unspecified state tort and contract law.

The animating theory of Robinson's claims is that Defendants "set about fraudulently exploiting the Plaintiff, his family, numerous elderly handicapped seniors, banks and the federal government in a criminal scheme that has been in effect for 20 years," resulting in the foreclosure and ultimate sale of his mother's home in Punta Gorda, Florida. Robinson alleged that many of his personal belongings (e.g., "firearms and ammunition," "prototypes") were taken during the foreclosure process. He also alleged that Defendants interfered with his many business ventures (e.g., "The Plaintiff

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Three of the Defendants are based outside of Florida. Specifically, Robinson alleged that defendant Zachary Heathcote is a citizen of North Carolina, that defendant Steven Joseph Butcher is a citizen of Washington, and that defendant Auto-Owners Insurance Company "is a corporate resident of the State of Michigan."

2

was engaged in supplying police equipment to the Republic of Trinidad & Tobago Police Force to fight in the war on drugs.").

Just about all of the Defendants moved to dismiss Robinson's action for lack of personal jurisdiction. And the District Court determined that it could not, consistent with due process, exercise personal jurisdiction in this case.

The District Court accurately surveyed the law of personal jurisdiction, including the "minimum contacts" standard from International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945), and the tests for "general" and "specific" jurisdiction. Cf. Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco County, 137 S. Ct. 1773, 1779–80 (2017). The District Court concluded that Robinson failed to show that any of the Defendants "had or has any contact with New Jersey whatsoever, let alone 'minimum contacts.'" DC Op. at 11. The District Court concluded as well that Robinson had "failed to provide any proof that his claims are related to or arise out of activities by Defendants that took place in New Jersey, and he has failed to provide any proof that Defendants have conducted 'continuous and systematic' business activities in New Jersey." DC Op. at 11; see also DC Op. at 11 ("Defendants are all Florida or out-of-state individuals or entities involved in the alleged fraud scheme that arose in Florida and allegedly victimized Plaintiff in Florida by depriving him of a tenancy in his mother's Florida home.").

The District Court rejected Robinson's various arguments in opposition to dismissal. For instance, the District Court rejected the argument that personal jurisdiction could be conferred on Defendants either because Robinson's mother currently resides in

3

New Jersey, or because she had filed for Chapter 7 bankruptcy in New Jersey and had identified the Florida property as an asset in her bankruptcy schedules.[2] In addition, the District Court rejected Robinson's argument that Defendants had agreed to personal jurisdiction by virtue of a so-called "Terms and Conditions" document created solely by Robinson that he had displayed at the entrance to his mother's home in Florida.

The District Court then turned to a motion for sanctions against Robinson under Fed. R. Civ. P. 11, filed by several Defendants. Earlier in its opinion, the District Court had observed that Robinson filed many cases involving his mother's Florida residence "against the same Defendants here and others in Florida state court, the Middle District of Florida, the Southern District of Florida, and New Jersey state court." The results of this filing fusillade, noted the District Court, included the entry of a litigation-preclusion order against Robinson in Florida (and perhaps in Texas as well). Based on that litigation history, Defendants argued in their motion that "Robinson's decision to bring an action that is essentially identical to the ones he is barred from bringing in Florida is a clear attempt to relitigate unsuccessful claims in a new and improper forum." DC Op. at 21.

The District Court denied the sanctions motion. The District Court explained that it could not consider the substance of the sanctions motion because the moving Defendants had failed to comply with the second of Rule 11(c)(2)'s two procedural

---

[2] The bankruptcy trustee apparently abandoned the Florida property (as an asset) based on its "inconsequential value," due to "the nominal difference between the outstanding mortgage lien and the property's value." DC Op. at 14.

4

requirements, i.e. the requirement "to serve Plaintiff with their motion and provide the 21-day notice period before filing the motion." DC Op. at 23.

However, noting that Robinson had recently filed three similar cases in the District of New Jersey concerning the allegedly massive fraud and conspiracy involving his mother's Florida property, the District Court considered whether Robinson's conduct made it appropriate to enter a filing injunction using its power under the All Writs Act, 28 U.S.C. § 1651(a).[3] The District Court ultimately found that "an injunction against Plaintiff from litigating his claims concerning the money laundering fraud scheme against any defendant he believes is liable for that scheme without first obtaining permission from this Court may be warranted." DC Op. at 28.

Accordingly, in addition to dismissing Robinson's case for lack of personal jurisdiction, the District Court ordered Robinson to show cause why a filing injunction should not be entered. Robinson responded to the show-cause order only by rehashing his arguments regarding personal jurisdiction. Robinson then appealed.[4]

---

[3] The three similar cases that Robinson filed in the District of New Jersey are (1) the instant one, (2) a case that Robinson ultimately dismissed voluntarily, and (3) a case that is the subject of a separate appeal by Robinson (C.A. No. 19-1310).

[4] After Robinson filed his Notice of Appeal, the District Court entered an order imposing on him the filing injunction described in the order dismissing the case. Robinson did not appeal the filing injunction order, nor did he attempt to challenge it in his opening brief, so we will not review it.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo whether the District Court properly dismissed Robinson's case on personal jurisdiction grounds. See Chavez v. Dole Food Co., 836 F.3d 205, 223 n.90 (3d Cir. 2016).

In arguing that the District Court erred in its analysis of personal jurisdiction, Robinson initially relies on 18 U.S.C. § 1965, a statute that contains RICO's venue and service-of-process provisions. See Br. at 10-11.  Robinson argues, specifically, that personal jurisdiction can be established over defendant David Melvin, Esq.—and thus over all other defendants—pursuant to § 1965 because Melvin is an attorney that, while Florida-based, is licensed to practice law in New Jersey.[5]  Defendants, to the extent they are participating in this appeal, take the position that we cannot reach the merits of

---

[5] Under § 1965(a), a RICO action may be filed in any federal district court "in which [a defendant] resides, is found, has an agent, or transacts his affairs."  A RICO defendant residing outside of the filing district may by summons (and the aid of a United States marshal) be haled to court if "it is shown that the ends of justice [so] require," 18 U.S.C. § 1965(b), or instead may be served with other process in any district "in which such person resides, is found, has an agent, or transacts his affairs," 18 U.S.C. § 1965(d).  For his specific argument, Robinson relies on the holdings of several courts of appeal that the foregoing provisions of § 1965 establish that "[w]hen a civil RICO action is brought in a district court where personal jurisdiction can be established over at least one defendant, summonses can be served nationwide on other defendants if required by the ends of justice." Cory v. Aztec Steel Bldg., Inc., 468 F.3d 1226, 1231 (10th Cir. 2006); see also PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 71 (2d Cir. 1998); Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 538 (9th Cir. 1986); FC Inv. Grp. LC v. IFX Markets, Ltd., 529 F.3d 1087, 1099-1100 (D.C. Cir. 2008). But see ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 626-27 (4th Cir. 1997) (holding that § 1965 abrogates the "minimum contacts" requirement of International Shoe); Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 948 (11th Cir. 1997) (same).  For purposes of addressing Robinson's argument only, we will assume, without deciding, that Robinson's reading of § 1965 is the correct one.

6

Robinson's § 1965 argument because it is raised for the first time on appeal. Cf. K.D. ex rel. Dunn v. Downingtown Area Sch. Dist., 904 F.3d 248, 256 (3d Cir. 2018).

While Defendants' position is counterfactual, see, e.g., ECF 31 at 25-27; ECF 81-1 at 10; ECF 91-1 at 12; ECF 116 at 9-11, Robinson's argument nevertheless fails on the merits. The mere fact that Melvin at some point obtained a license to practice law in New Jersey, unaccompanied by any evidence or indication that he ever practiced law or otherwise conducted business in New Jersey, is insufficient to demonstrate the "minimum contacts" required for the District Court to exercise personal jurisdiction. See Katz v. Katz, 707 A.2d 1353, 1356 (N.J. Super. Ct. App. Div. 1998) ("[D]efendant's license to practice law in this state does not afford a basis to exercise *in personam* jurisdiction over him in a matter totally unrelated to his professional license. * * * We agree with the views expressed in Lebkuecher v. Loquasto, [389 A.2d 143, 145 (Pa. Super. Ct. 1978)], in which the court said '[t]he mere possession of a license accomplishes nothing in the way of pecuniary gain; it only broadens opportunities for such gain. *It is the actual practice of a profession* in Pennsylvania and *not the possession of the right to practice* that brings a person within the jurisdiction of a ... [c]ourt ....' " (collecting cases, emphasis added, citations omitted)); cf. Wallace v. Herron, 778 F.2d 391, 394 (7th Cir. 1985) (holding that defendant law partners and partnership lacked requisite minimum contacts with Indiana where sole contact was a partner's trip to Indiana on one occasion to take depositions in a case unrelated to the controversy at issue).

Robinson next argues that the District Court could have exercised personal jurisdiction over defendant David Oaks, Esq. under the criminal mail fraud statute, see 18

7

U.S.C. § 1341, because Oaks "has been using the U.S. Postal Service to run the fraud scheme in [New Jersey] for the past twenty five (25) years and has mailed to my Mother and me, in [New Jersey], material used in [the Florida foreclosure case] to steal our home." Br. at 15. Defendants again take the position that this argument is waived due to Robinson's failure to raise it below, and Defendants are again incorrect. See, e.g., ECF 31 at 25; ECF 116 at 9. Robinson's 'personal jurisdiction via § 1341' argument, however, is wholly without merit. See generally Laupot v. Berley, 865 F.2d 255 (4th Cir. 1988) (per curiam); cf. Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d 402, 408 (8th Cir. 1999) ("[W]e agree with the Fifth and Sixth Circuits and hold that Congress did not intend to create a private right of action in enacting either the mail or wire fraud statutes.").

Robinson also argues that the District Court should not have dismissed for lack of personal jurisdiction his action against certain pro se Defendants ("the pro se Defendants") who chose to answer the first amended complaint, see ECF 52 ('Answer' of Stanley Wisniewski), or instead filed motions to dismiss that did not clearly raise the issue of personal jurisdiction, see ECF 95 ('Motion to Dismiss' of Devin Craig Schuler); ECF 102 ('Motion to Dismiss' of Jamie Elaine Miller and Steven Joseph Butcher). See Br. at 15-16. We recognize that "a court may not *sua sponte* dismiss for want of personal jurisdiction," Zelson v. Thomforde, 412 F.2d 56, 59 (3d Cir. 1969), regardless of whether the plaintiff (like Robinson here) is proceeding in forma pauperis, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). That said, we will not send this case back to the District Court, as the claims against the pro se Defendants are completely lacking in merit. See

8

Bell v. Hood, 327 U.S. 678, 682-83 (1946) ("[A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes . . . is wholly insubstantial and frivolous.").

None of Robinson's remaining arguments on appeal persuade us that the District Court committed reversible error in this case. Accordingly, for substantially the reasons given in the District Court's opinion regarding dismissal, we will affirm.