Bork et ux., Appellants, *v.* Mills.

Argued April 29, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*John Philip Diefenderfer,* with him *Stuckert, Yates & Krewson,* for appellants.

*John G. Jenemann,* with him *Joseph R. Thompson,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, November 20, 1974:

Appellant Gloria Bork was a passenger in a car owned and driven by her father, Harry Carrell Crawford, when the Crawford car collided with a truck owned by appellee, Robert Henry Mills, on U. S. Route 13, near Painter, Virginia. Mrs. Bork was blinded as a result of the accident. On December 31, 1970, Mr. and Mrs. Bork filed a complaint in the Court of Common Pleas of Philadelphia against Mills and against the administrator of Mr. Crawford's estate. Counsel for both defendants raised preliminary objections to jurisdiction and venue. The objections of both defendants were sustained on the question of jurisdiction, and the Superior Court affirmed the decision. We granted allocatur solely to consider whether it was proper to

sustain the preliminary objections of Robert Henry Mills, a resident of Maryland.

To establish that the court had jurisdiction over Mills, appellants' complaint alleged: "3. The defendant, Robert Henry Mills, on, prior to and subsequent to July 11, 1969, has acted individually, or through agents, servants, or employees, or for an employer unknown, within the Commonwealth of Pennsylvania in the business, inter alia, of hauling freight for hire to points within Philadelphia County, and, in the alternative, other counties of the Commonwealth."

It is appellants' position that this allegation is sufficient to extend the Commonwealth's jurisdiction under "the long-arm statute," Act of July 1, 1970, P. L. 444, No. 152, §2, 12 P.S. §342 repealed and replaced, Act of November 15, 1972, P. L. 1063, No. 271, 42 Pa. C.S. §§8301-8311, which provides: "[A]ny nonresident of this Commonwealth who, . . . shall have done any business in this Commonwealth . . . shall be conclusively presumed to have designated the Department of State as his agent for the receipt service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual, if and only if at the time the cause of action accrued or the harm or financial loss occurred, the nonresident . . . shall have been doing any business within this Commonwealth as heretofore provided."

The court held that appellants' complaint was insufficient because it did not set forth factual allegations concerning Mills' doing business in our state. Appellant argues that, since Mills did not specifically deny appellants' allegation, replying instead, simply that "Defendant, Robert Henry Mills, does not do business in Philadelphia County," we must assume, as Mills apparently admits in his brief, that Mills is and has been hauling freight within the Commonwealth of Pennsyl-

vania, although not in Philadelphia County, since sometime prior to July 11, 1969.

According to appellants, this uncontroverted allegation that Mills on, prior to, and subsequent to July 11, 1969, has been hauling freight for hire within counties within the Commonwealth sufficiently alleges that Mills "does business" within the Commonwealth, as that term was defined by section 4 of the Act of 1970, 12 P.S. section 344, which states: "[T]he doing by any individual within this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or the doing of a single act in this Commonwealth for such purpose with the intention of initiating a series of such acts, or the shipping of merchandise directly or indirectly into or through this Commonwealth, or the engaging in any business or profession within this Commonwealth whether or not such business or profession requires licensure or approval by the Commonwealth of any of its agencies, . . . shall constitute 'doing business.' "[1]

While we would agree with appellants that their uncontroverted allegation is sufficient to invoke "the long-arm statute" so as to permit their action to be instituted by service upon the Secretary of the Commonwealth, since their complaint makes clear that their cause of action occurred in Virginia and did not arise out of any business which Mills does within the Commonwealth, appellants must also allege that Mills' freight hauling activities are continuous and substantial enough to permit the courts of Pennsylvania to exercise jurisdiction over him with respect to an unrelated cause of action.

In the words of §35 of the Restatement of Conflicts 2d, ". . . A state has power to exercise judicial jurisdiction over an individual who does business in the state with respect to causes of action that do not arise from

---

[1] This statute has since been repealed. Compare 42 Pa.C.S. §8309.

the business done in the state if this business is so continuous and substantial as to make it reasonable for the state to exercise such jurisdiction." See also *Washington Scientific Industries, Inc. v. Polan Industries, Inc.*, 302 F. Supp. 1354 (1969), *Odum v. Thomas*, 338 F. Supp. 877 (1971), *Overseas Nat. Airways, Inc. v. Saloom*, 52 D. & C. 2d 22 (1971).

Appellants' complaint alleged no facts which would indicate that Mills' freight hauling business was "so continuous and substantial as to make it reasonable" for the Commonwealth to exercise jurisdiction over their admittedly unrelated cause of action. Rule 1019(a) requires a pleading to allege "the material facts" on which the cause of action is based. In our opinion, the sufficiency of an out-of-state resident's contacts with Pennsylvania is a "material fact" when suit is brought on an unrelated cause of action. Consequently, the court committed no error in sustaining Mills' preliminary objections and dismissing appellants' complaint.

Order affirmed.

---

DISSENTING OPINION BY MR. JUSTICE MANDERINO:

I must dissent. Our "long-arm statute" provides that a nonresident who avails himself of the privilege of "doing business" in this Commonwealth may be subject to the in personam jurisdiction of our state courts. The sole condition imposed by section 8304 is that the nonresident must have been "doing business" in Pennsylvania "at the time the cause of action accrued or the harm or financial loss occurred." The majority, however, imposes the additional condition that where the cause of action does not arise out of the nonresident's business activities in this State, jurisdiction does not attach unless the nonresident is *continuously and substantially* "doing business" in Pennsylvania. I disagree. The statute simply does not provide such a requirement. Furthermore, the creation of such a standard ignores

the recent legislative and judicial trend toward the adoption of the federal "minimum contacts" approach to the issue of extraterritorial jurisdiction. *Image Ten, Inc. v. Walter Reade Organization, Inc.,* 456 Pa. 485, 322 A.2d 109 (1974). *See also Hanson v. Denckla,* 357 U.S. 235, 2 L.Ed.2d 1283, 78 S. Ct. 1228 (1958); *McGee v. International Life Ins. Co.,* 355 U.S. 220, 2 L.Ed.2d 223, 78 S. Ct. 199 (1957); *International Shoe Co. v. Washington,* 326 U.S 310, 90 L.Ed. 95, 66 S. Ct. 154 (1945). In the present case, the uncontroverted allegation was that appellee on, prior to, and subsequent to the date of the accident has been hauling freight for hire in Pennsylvania. Such an allegation meets all of the necessary requirements of our "long-arm statute." I would therefore, reverse the order of the trial court and reinstate the appellants' complaint.

Mr. Justice ROBERTS and Mr. Justice NIX join in this dissenting opinion.