## Leibig v. Smith

*Thomas J. McCormack,* for plaintiffs.
*William Moyer,* for defendant.

GARB, *J.*, September 1, 1975—This is an action in trespass arising out of an alleged motor vehicle collision in which plaintiffs claim damages for personal injuries to which defendant has filed preliminary objections as in the nature of a petition raising a question of jurisdiction. These preliminary objections have been submitted to the undersigned for disposition under and pursuant to Bucks County Rule of Civil Procedure 266.

The complaint alleges that plaintiffs are all residents of Bucks County, Pa. and that defendant is a resident of the State of New Jersey. The complaint further alleges that the injuries allegedly incurred resulted from an automobile collision occurring on or about June 10, 1973, on New Lisbon Road in Pemberton, N.J. Service of the complaint and of the preceding writ of summons by virtue of which the action was instituted were made upon defendant by

substituted service by certified mail, postage prepaid, upon the Secretary of the Commonwealth of Pennsylvania under and pursuant to the Act of November 15, 1972, P.L. 885 (No. 271), sec. 8307, 42 Pa. C.S.A. §8307. Similar service was likewise made directly upon defendant by certified mail, postage prepaid, at Harwich Street, Box 1145A, Browns Mills, N.J., by virtue of the authority of the same act of Assembly. We are satisfied that, based upon these facts, it is clear that this court has no jurisdiction over the subject matter or over defendant and that the preliminary objection must therefore be sustained and the complaint dismissed.

In view of the fact that defendant is not a resident of this Commonwealth, jurisdiction over him can be assumed by this court only if such is authorized by virtue of the application of the "long arm" statute of this Commonwealth. See the Act of November 15, 1972, P.L. 885 (No. 271), sec. 8301, 42 Pa. C.S.A. §§8301, et seq. Jurisdiction cannot be assumed by virtue of section 8302 thereof as defendant is not a nonqualified foreign corporation. Likewise, jurisdiction cannot be assumed by virtue of the provisions of section 8304 thereof, having to do with doing business by individuals within the Commonwealth, as there is no allegation in the complaint that defendant engaged in business within the Commonwealth in any way related to this cause of action and further because of the fact that there is no allegation of any of those activities defined as "doing business" in section 8309 of the statute. Therefore, the only conceivable section upon which jurisdiction can be established is section 8305 which provides as follows:

"Any nonresident of this Commonwealth, who, acting outside of this Commonwealth, individually,

under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of State as provided in this chapter." (Referring to section 8307.)

In view of the fact that jurisdiction in this matter is asserted over a nonresident defendant served beyond the territorial limits of this Commonwealth, a serious question of due process of law is involved and procedural due process must, therefore, be established and met. See our extended discussion of this due process question in Farrington v. Farrington, 26 Bucks 97 (1974). This being an action in personam, the process must be served personally unless a statute clearly and definitely manifests that a different method as to service has been promulgated by the legislature. Legislative rules as to service of process in such cases are in derogation of common law and must be strictly construed: McCall v. Gates, 354 Pa. 158, 47 A. 2d 211 (1946). Rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of defendant is dependent upon proper service having been made. There is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules: Sharp v. Valley Forge Medical Center and Heart Hospital, Inc., 422 Pa. 124, 221 A. 2d 185 (1966). Therefore, where extra-territorial jurisdiction is asserted, the act of Assembly must be strictly construed so as not to run afoul of the constitutional

provisions regarding jurisdiction over the person in defiance of the due process provisions of the United States Constitution. See our opinion in Stephens v. Delaney (No. 73-6969), entered on June 10, 1975, and Farrington v. Farrington, supra.

The accident having occurred in New Jersey, jurisdiction cannot be found upon the nonresident motorist statute as contained in The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §§1, et seq. See the Act of May 14, 1929, P.L. 1721 (No. 563), sec. 1, as most recently amended by the Act of December 17, 1969, P.L. 380, sec. 1, 75 P.S. §2001. Therefore, the only colorable basis upon which this court has jurisdiction is under section 8305 of the Act of 1972 on the basis that although the accident occurred and the injuries were incurred in the State of New Jersey, the injuries having continued to the time of the filing of the complaint, plaintiff being a resident of Pennsylvania, that somehow defendant has "caused any harm within this Common-wealth." We are satisfied that this construction of section 8305 is totally untenable.

A similar argument was made and rejected in McAndrew v. Burnett, 374 F. Supp. 460 (M.D. Pa. 1974). In that case a physician resident of New York, while performing an operation in New York, caused some injury to plaintiff. Plaintiff sub-sequently moved to Pennsylvania, where he died, and a suit for such injuries was instituted in Pennsylvania against defendant, a New York resi-dent. The court therein held:

"The harm to decedent was done in New York when the hemostat was allegedly left in his body. That a continuing injury was at some point suffered by the decedent in Pennsylvania and that the exist-ence of the hemostat in his body was discovered

here, does not in my view constitute the sort of harm which may serve as a basis for extra-territorial service under 42 Pa. C.S.A. 8305."

In Bork v. Mills, 458 Pa 228, 329 A. 2d 247 (1974), our Supreme Court affirmed the order of the lower court sustaining preliminary objections to jurisdiction and venue. There plaintiff was a resident of Pennsylvania, defendant a resident of Maryland and the accident occurred in Virginia. Although that action was instituted at a time when the predecessor to the statute before us was in effect (Act of July 1, 1970, P.L. 444 (No. 152), sec. 2, 12 P.S. §342, repealed and replaced by the Act of November 15, 1972, P.L. 885 (No. 271), sec. 5, 42 Pa. C.S.A. §§8301, et seq.), the basis for jurisdiction therein asserted was the act of doing business by defendant in the Commonwealth of Pennsylvania. The Supreme Court held that jurisdiction could not be established on that asserted theory because, although it was established that defendant did business in Pennsylvania, it was found that he did not do business of a continuous nature and further that that act of doing business was not in any way related to the happening of the accident. A fortiori, where, as here, there is no assertion of any acts of doing business on the part of defendant within the Commonwealth, jurisdiction cannot be established in this court.

For the foregoing reasons, we are satisfied that this court lacks jurisdiction over this defendant. While Pennsylvania may enact "long arm" legislation for the purpose of protecting its residents, this Commonwealth cannot go beyond its borders to assert personal jurisdiction over a resident of another state whose only contact with Pennsylvania has been an automobile collision in another jurisdiction

involving a Pennsylvania resident. Defendant has done nothing to invoke the privileges and benefits afforded by this Commonwealth and he is not even alleged to have done business herein. Clearly he was not operating a motor vehicle upon the highways of this Commonwealth when the accident occurred nor has he committed any tortious act within our boundaries. The harm defendant asserts clearly occurred in New Jersey and for that reason the preliminary objection must be sustained and the complaint dismissed.

## ORDER

And now, September 1, 1975, it is hereby ordered, directed and decreed that the preliminary objection is sustained and the complaint dismissed.