**Group Two Advertising, Inc. v.
First Investment Properties, Inc.**

*Marvin I. Block,* for plaintiff.
*Rochelle D. Hittinger,* for defendant.

Di BONA, *J.,* August 2, 1983—Before the court are the preliminary objections of defendant, First Investment Properties, Inc. (defendant) to the complaint in assumpsit of plaintiff, Group Two Advertising, Inc. (plaintiff). Defendant, a nonresident Massachusetts corporation, argues that this court lacks in personam jurisdiction. For the reasons set forth below, the court concludes that there is no in personam jurisdiction over defendant and, accordingly, the complaint must be dismissed.

## I. FACTS

In October, 1980, Richard Elkman (Elkman), plaintiff's representative, spoke to David J. Canepari (Canepari), defendant's vice president, by telephone regarding the possibility of plaintiff preparing an advertising brochure for defendant. Elkman traveled to Boston, on November 6, 1980, to outline the proposal for the advertising brochure and the details of the transaction. The meeting was held at defendant's office.

On November 12, 1980, plaintiff supplied price quotations to defendant by telephone. On that date,

plaintiff mailed a written proposal for preparation of the brochures to defendant's offices in Boston. Defendant authorized plaintiff to commence work on the brochures by letter dated November 18, 1980. See Exhibit A to the complaint. On November 28, 1980, defendant corresponded with plaintiff regarding the suggested format of the brochure and content for the draft of the copy.

Plaintiff sent a draft of the brochure to defendant on December 10, 1980. Defendant advised plaintiff, via a telephone conversation, that the submitted draft was unsatisfactory.[1] Plaintiff submitted a second draft to defendant on January 6, 1981. This draft was also rejected. Finally, in March, 1981, Elkman placed a telephone call to Canepari regarding the transaction. Canepari advised Elkman that the defendant was dissatisfied with the brochures. Accordingly, defendant cancelled the order.

Plaintiff filed a complaint in assumpsit against defendant to recover damages due to the defendant's alleged failure to accept delivery of the advertising brochures. Defendant filed preliminary objections, in the nature of a petition raising a question of jurisdiction. The parties were directed to take discovery on the factual issues raised by defendant's preliminary objections.

At a conference held before the Honorable Abraham J. Gafni on September 10, 1982, the parties stipulated that defendant had no business dealings other than those mentioned above which arose from this transaction.[2] There is no agreement regarding

---

1. Defendant contends that the draft was redundant, poorly edited, too long and merely a restatement of its own work. Plaintiff disputes these allegations.

2. Defendant's principal place of business is located at 210 Commercial Street, Boston, MA. It is in the business of acquiring and managing income producing real estate. Defendant

whether plaintiff completed the actual preparation and printing of the brochures. The full consideration for completing the project would have been $19,000. See Exhibit A to the complaint.

## II. DISCUSSION

Before a court in this state may exercise jurisdiciton over a non-resident defendant, it must appear that the nonresident's conduct was within the provisions of the state's long arm statute, and that application of the statute would not violate the due process clause of the Fourteenth Amendment of the United States Constitution.

The statute in effect when plaintiff commenced this action provided, in pertinent part:

§5322. Bases of personal jurisdiction over persons outside this Commonwealth

(a) General rule.—A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person:

(1) Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following shall constitute transacting business for the purpose of this paragraph:

• •· •

(b) Exercise of full constitutional power over nonresidents.—In addition to the provisions of

---

has never acquired, owned, sold, used, managed or had any interest in real or personal property, in Pennsylvania. Nor is defendant licensed, registered or qualified to do business in this state. Defendant has not maintained any office, bank account, registered agent or mailing address in this state.

subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States.

Act of July 9, 1976, P.L. 586, No. 142, §2, as amended, Act of April 28, 1978, P.L. 202, No. 53, §10(61), 42 Pa. C.S.A. §5322(a), (b) (Purdon's 1979 Pamphlet).

In Proctor & Schwartz, Inc. v. Cleveland Lumber Co., 228 Pa. Super. 12, 323 A.2d 11 (1974), the Superior Court of Pennsylvania established a test to determine whether the Commonwealth's exercise of in personam jurisdiction over a non-resident defendant was constitutional. The court stated:

"First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. Secondly, the cause of action must arise from defendant's activities within the forum state. Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable."

Proctor & Schwartz, supra, 323 A.2d at 15 (citations omitted) (allocatur refused). Assuming that this test is not satisfied, a court must determine whether the non-resident defendant's activities which are unrelated to the cause of action are continuous and substantial. See, Bork v. Mills, 458 Pa. 228, 329 A.2d 247, (1974).[3]

---

3. Plaintiff concedes that the "continuous and substantial" standard is not applicable here because defendant's only contacts with this state involve the transaction which is the subject matter of this action.

The court will apply the Proctor & Schwartz standard to the facts of this case.

A. Whether the defendant purposefully availed itself of the privilege of acting within this forum:

It is undisputed that defendant entered into a contract with plaintiff by accepting plaintiff's proposal to prepare the brochures. Moreover, defendant authorized plaintiff to begin work when Canepari sent a letter to Elkman on November 12, 1980. Plaintiff commenced performance of the contract in Pennsylvania when its staff prepared the two drafts of the brochures. Defendant clearly directed and, therefore, anticipated that Group Two would perform the contract in this state.

According to defendant, the performance of the contract, i.e. preparation and submission of drafts of the brochures, constituted the unilateral activity of the plaintiff. Defendant argues that such unilateral activity by plaintiff in the forum state is not a sufficient basis for a court to assert personal jurisdiction. See Hanson v. Denckla, 357 U.S. 235, 253 (1958); Fire Protection Industies, Inc. v. Niagara Mohawk Power Corporation, Slip Op. at 6, No. 82-1209 (E.D. Pa. filed July 9, 1982).

Plaintiff relies upon Koenig v. International Bro. of Boilermakers, 284 Pa. Super. 558, 426 A.2d 635 (1981), where the court held that a non-resident defendant had purposefully availed itself of the privilege of acting within the forum state by entering into a contract which would be substantially performed in the forum state. The court stated:

A nonresident defendant that enters into a contract that he knows will be substantially performed in the forum state should reasonably anticipate being haled into court in that state if any contractual problems develop. Nor does the fact that it is the *plaintiff* who performs in the forum state mean that

jurisdiction is exercised mere(ly) because of the unilateral activity of those who claim some relationship with (the defendant). (I)t is the *defendant's* act of entering into a contract that he knows will be substantially performed in the forum state that constitutes the defendant's 'purposefully avai(ling) itself of the privilege of acting within the forum ·state.·Koenig, *supra,* 426 A.2d at 641-42 (Emphasis in original). Plaintiff would have this court determine that by merely entering into a contractual obligation with plaintiff, the performance of which was contemplated in Pennsylvania, defendant purposefully availed itself of the privilege of acting within this state.

Application of the Koenig court's analysis to the instant case is not warranted. The Koenig court predicated its holding on the fact that plaintiff's activities in Pennsylvania produced significant effects and a realistic economic impact in this Commonwealth. See Koenig, supra, 426 A.2d at 642. In contrast, even if this court were to assume that plaintiff fully completed the preparation and printing of the brochures, the "economic impact" on this Commonwealth was nominal.[4]

Although the question is not free from doubt, the mere existence of a sales contract between the non-resident defendant and resident plaintiff is not, in itself, sufficient to establish jurisdiction where the non-resident defendant has not solicited or conducted any other business in this state and the performance of the contract had a nominal economic impact. In view of the foregoing, there is no suggestion of purposeful availment of the privilege of acting within this forum.

---

4. The consideration for the preparation of the brochures was not to exceed $19,000. See Exhibit A to the complaint.

B. Whether the cause of action arose from defendants activities within Pennsylvania:

This court is willing to assume, arguendo, that defedant entered into a contractual obligation to pay for the brochures and that the cause of action arises from the breach of that obligation. Accordingly, this aspect of Proctor & Schwartz is satisfied.

C. Whether the acts of the defendant have a substantial enough connection with Pennsylvania to make the exercise of jurisdiction over it reasonable:

Several factors must be considered in determining whether the exercise of jurisdiction is reasonable, including the forum state's interest in resolving this dispute; the plaintiff's interest in obtaining convenient and effective relief; the burden of the defendant if forced to appear and defend. See World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

Although this claim arose from a forum related activity of the defendant, i.e., the entering of a contractual agreement with a resident corporation, the nature of the relationship between defendant and this forum is so minimal as to render exercise of in personam jurisdiction over defendant in this forum unjust. See Fire Protection Industries Inc., supra, Slip Op. at 7. Moreover, plaintiff's interest in obtaining convenient relief cancels out the defendant's burden if forced to defend in this forum. Further, there is no substantial interest of this forum to adjudicate the dispute. Accordingly, it appears unreasonable to assert jurisdiction over the defendant.

## III. CONCLUSION

In view of the foregoing, the court will grant the preliminary objections of defendant and the complaint will be dismissed. An appropriate order will be entered.

## ORDER

And now, this August 2, 1983, upon consideration of the preliminary objections of defendant, First Investment Properties, Inc., and the answer of plaintiff, Group Two Advertising, Inc., it is hereby ordered and decreed that the complaint in assumpsit is dismissed because this court lacks personal jurisdiction over the defendant. See Opinion attached.