MARGARET PETERS, as Administratrix of the Estate of STUART BARNES, Deceased, Respondent, v. ROBIN AIRLINES, Doing Business as NORTH CONTINENT AIRLINES, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff's intestate and for his wrongful death, defendant, appearing specially, appeals from an order denying its motion to set aside the service of the summons and complaint and to dismiss the complaint, on the ground of lack of jurisdiction. Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Defendant is a California corporation and is a common carrier of passengers by air. One of its airplanes carried the decedent as a paying passenger from an airfield in this State on a flight destined for California, and the airplane crashed in California before landing there, which accident resulted in the causes for which this action was attempted to be brought. The summons was served on the Secretary of this State as "attorney" for defendant, in pursuance of section 250 of the General Business Law (added by L. 1952, ch. 748). The statute purports to give this State jurisdiction, upon said substituted service, in any action against a nonresident operator or owner of aircraft, growing out of an accident or collision in which the aircraft is involved, regardless of the locus of the accident or collision, so long as the aircraft "has landed at, or departed from any airfield in this state". The statute is unconstitutional insofar as it is applicable to accidents or collisions which did not occur within or over the territorial limits of this State

or which had no causative connection to acts within or over said limits. To that extent it violates the due process clause. (U. S. Const., 14th Amendt., § 1; N. Y. Const., art. I, § 6.) Constitutionality of statutes similarly providing for substituted service on nonresidents in cases involving motor vehicle accidents has been upheld under the doctrine of police power. (*Hess* v. *Pawloski,* 274 U. S. 352; *Wuchter* v. *Pizzutti,* 276 U. S. 13; *Shushereba* v. *Ames,* 255 N. Y. 490; *Leighton* v. *Roper,* 300 N. Y. 434.) However, the police power of a State may not be projected beyond the territorial boundaries of the State (see *Peirce* v. *New Hampshire,* 5 How. [U. S.] 554), and the statute in question does not purport to condition the jurisdiction on causative connection of the accident to any acts within this State. (Cf. *Finn* v. *Schreiber,* 35 F. Supp. 638.) Carswell, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur. [203 Misc. 924.]