Harold Baer, J.
This is a suit for accounting services performed by plaintiffs for defendants, both of which are foreign corporations with offices in Philadelphia, Pennsylvania. The answer does not deny that some services were performed by plaintiffs, but does deny the amount claimed and that this court has jurisdiction.
The plaintiffs are a copartnership and all three partners are certified public accountants. In July, 1964, in Philadelphia, Pennsylvania, the plaintiffs were retained by the defendant Film Marketing Services, Inc., to make a monthly audit, prepare all tax returns, and render monthly reports, at a monthly retainer of $350. Some months later, plaintiffs were retained similarly by the defendant Keith Enterprises, Inc., at a monthly retainer of $150; also, Film agreed to pay for extra work occasioned by reason of their financial situation.
Sometime in January, 1965, plaintiffs introduced defendants’ officers to officers of a Ñew York bank where a line of credit was arranged. Still later, these corporate officers of the defendants were introduced by plaintiffs to members of a law firm, who, in turn, attempted to procure a loan for defendants from one of several clients in the business of making loans. In March of 1965, a loan was consummated in New York City. In conjunction with these loan applications, plaintiffs were called upon to do *1054 extra work as previously contemplated. Special audits were made by plaintiffs, balance sheets and profit and loss statements were prepared, and plaintiffs spent time in doing this work, meeting with their clients and with prospective lenders. Many such meetings were held in Mew York City.
The plaintiffs were discharged as defendants’ accountants at the end of March, 1965. They seek to recover $9,188.92, which claim includes services ordinarily performed under their retainer for the period prior to the consummation of the loan and after their discharge through May 13, 1965, and for extra accounting services performed in connection with the loan applications.
This is a jury case. Both sides have rested and defendants renew their motion to dismiss on jurisdictional grounds made at the end of the plaintiffs’ case, on which decision was reserved.
The motion is granted. This court does not have jurisdiction in personam over the corporate defendants.
The plaintiffs rely mainly on Millner Company v. Noudar, Lda. (24 A D 2d 326) for authority that this court has jurisdiction. (Also, see, J. K. Rosenberg, Inc. v. Greenfield, 44 Misc 2d 600, 601.) It is true that the facts seem to be similar in that in both cases defendants ’ agents or officers came into this State to transact some business. However, in the Millner case, and in the Rosenberg case, plaintiff sued for a breach of the very contract for which defendant’s officers came into Mew York. In the case at bar, plaintiffs sue for accounting services contracted for and performed in Pennsylvania. Their only justification for jurisdiction is that they performed extra accounting services incidental to a loan which defendants obtained in Mew York City; that defendants’ officers came into Mew York City on a number of occasions in furtherance of obtaining such loan. A breach of the loan contract is not the subject of this action as in the Millner case (supra); rather, the accounting services performed. Although plaintiffs rely on the “long-arm” statute, CPLB, 302, it is best to refer to section 404 of the Mew York City Civil Court Act, which is similar but tailored to fit the jurisdiction of the Civil Court. It is also necessary to briefly review the jurisdictional law in order to come to a conclusion as to how far the Legislature intended to go in enacting this statute.
Before enactment of CPLB 302, Mew York State assumed in personam jurisdiction of foreign corporate defendants if they were actively doing substantial business within the State (Tauza v. Susquehanna Coal Co., 220 N. Y. 259). This is still the law (CPLB 301).
*1055 Another group of cases against corporate defendants involved single or isolated items of activities but the lawsuit had no connection with these activities. In such cases it was held to be unreasonable to subject the defendant to personal jurisdiction (International Shoe Co. v. Washington, 326 U. S. 310, 317).
Finally, there are the group of cases where defendants perform “ single or occasional acts ” which may be deemed sufficient to subject the defendant to personal jurisdiction on causes of action related to those activities (International Shoe Co. v. Washington, supra). These are the cases under which these plaintiffs seek to establish jurisdiction.
It is to be noted that in this group of eases, even under the ‘ long-arm ’ ’ statute, although a single act may give rise to personal jurisdiction over the defendant, the cause of action must be related to and to have arisen as a consequence of the single act (McGee v. International Life Ins. Co., 355 U. S. 220; Peters v. Robin Airlines, 281 App. Div. 903). In Millner Co. v. Noudar, Lda. (supra) the court found at page 331 that: “ The undenied acts of defendant’s officers in New York in defendant’s behalf in furtherance of the performance of the contract constituted the transaction of business within this State in connection with the subject of this action, and within the meaning and intent of CPLB. 302 (subd. [a], par. 1), so as to confer jurisdiction of this action upon the courts of New York ”. In J. K. Rosenberg, Inc. v. Greenfield (44 Misc 2d 600, supra) jurisdiction was sustained under section 404 of the New York City Civil Court Act where the cause of action arose out of the business transacted in New York pursuant to a contract made in New York.
In the instant case, the lawsuit is for services only incidentally performed in connection with a loan made in New York but which loan is not connected with the instant lawsuit. In fact, a substantial part of the plaintiffs’ claim is for regularly performed accounting services performed in Pennsylvania pursuant to retainer entered into in the State of Pennsylvania, and in no way connected with the loan made by these defendants with others in New York City. For this court to assume jurisdiction under these facts would be violative of due process and extend CPLB 301 and section 404 of the New York City Civil Court Act beyond the intention of the Legislature.
Motion is granted. The complaint is dismissed.