426 A.2d 618

**COMMONWEALTH of Pennsylvania,**

v.

**Andrew JONES, Appellant.** ■

Superior Court of Pennsylvania.

Submitted March 18, 1980.

Filed May 15, 1981.

---

Lawrence A. Ruth, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

PRICE, Judge:

Following a jury trial commenced on March 17, 1978, appellant was convicted of possessing an instrument of crime,[1] burglary,[2] and conspiracy.[3]  Post-verdict motions for a new trial and in arrest of judgment were denied, and appellant was sentenced to a prison term of from four to ten years.  He takes this appeal from the judgment of sentence alleging, *inter alia*, ineffective assistance of trial counsel. For the reasons stated herein, we vacate the judgment of sentence and remand the case to the court of common pleas.

Appellant has gone to great lengths to have his ineffective assistance claims reviewed.  At trial, appellant was repre-

1. 18 Pa.C.S. § 907.

2. 18 Pa.C.S. § 3502.

3. 18 Pa.C.S. § 903.

sented by the Montgomery County Public Defender. Following imposition of sentence, a notice of appeal to this court was filed on July 6, 1978. The brief subsequently filed on appellant's behalf by the Public Defender's Office raised but one issue, *viz.*, the sufficiency of the evidence. In a letter to the Public Defender's Office dated October 31, 1978, appellant objected to the omission of "numerous issues" from the appellate brief and directed that the appeal be withdrawn so that he might "proceed properly." Accordingly, the Public Defender's Office requested that the appeal be discontinued, which request was granted on November 17, 1978. Thereafter, on December 6, 1978, appellant filed a petition under the Post Conviction Hearing Act (PCHA) alleging, *inter alia*, ineffective assistance of trial counsel. On January 9, 1979, the Commonwealth moved to dismiss the PCHA petition. Following a hearing on March 27, 1979, at which appellant was represented by court-appointed counsel not associated with the Montgomery County Public Defender's office, the court below dismissed the petition but granted appellant leave to reinstate his direct appeal nunc pro tunc.[4] On May 16, 1979, we granted appellant's "Application to Reinstate Direct Appeal Nunc Pro Tunc."

On May 22, 1979, appellant petitioned the court below to appoint new appellate counsel because the attorney then representing him refused to comply with appellant's request to raise trial counsel's ineffectiveness on direct appeal. Appellant's petition for new counsel was motivated by his fear that, under *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975), his ineffective assistance claims would be deemed waived unless presented on direct appeal. Accordingly, present appellate counsel was appointed by the trial court on May 25, 1979. Appellant is thus represented by new counsel

---

4. Apparently this was done after hearing, for the order of March 27, 1979 recites that fact and appellant has furnished us with two pages of such a transcript. The record, however, does not contain this transcript. We are at a loss, therefore, to understand this order, which contains no explanation. Since one of the pages we are furnished, page 17, is the final page, we feel safe in assuming no serious attempt was made to inquire into appellant's numerous allegations of ineffective assistance of trial counsel.

and the issue of trial counsel's ineffectiveness is, therefore, properly before us. *Commonwealth v. Dancer, supra.*

Appellant contends he was denied effective assistance of counsel when his trial counsel failed to object to allegedly prejudicial remarks made by the prosecutor during his closing argument. Unfortunately, the Commonwealth's closing argument was not recorded.[5] We are thus unable to determine from the record: (1) the substance of the remarks complained of; (2) whether these remarks were prejudicial; and (3) if they were prejudicial, whether counsel's failure to object to them had any reasonable basis designed to effectuate appellant's interests.

Where the record on appeal clearly shows that there could have been no reasonable basis for a damaging decision or omission by trial counsel, then of course the judgment must be vacated and appropriate relief, such as allowing the filing of post trial motions or the ordering of a new trial, granted. Where, on the other hand, it is impossible

5. When the prosecutor's closing address to the jury is not recorded, it is well-settled that

[i]n order to avail himself of the right to object to improper remarks or a misstatement of fact or an unfair comment, counsel must object and move for [a mistrial], whereupon, the court should direct the stenographer to place upon the record the court's understanding of the remarks so that error may properly be assigned if the motion ... is denied.... If the court refuses to direct the stenographer to place upon the record remarks to which objection has been made, the opposing counsel may place the remarks on the record by affidavit.

*Commonwealth v. King*, 227 Pa.Super. 168, 172, 323 A.2d 260, 262 (1974) (citations omitted). Ordinarily, counsel's failure to implement these measures to preserve allegedly improper remarks for the record precludes challenging the propriety of the remarks on appeal. *Commonwealth v. Allen*, 443 Pa. 15, 276 A.2d 539 (1971); *Commonwealth v. Krasner*, 285 Pa.Super. 389, 427 A.2d 1169 (1981); *Commonwealth v. Howard*, 212 Pa.Super. 100, 239 A.2d 829 (1968). In the case at bar, however, we are asked to determine whether appellant's trial counsel was ineffective in failing to object to allegedly improper and unfair remarks. Essential to such a determination is review of the challenged remarks themselves, for if they were not prejudicial, objection to them at trial would have been a futile gesture. A finding of ineffectiveness cannot be premised upon counsel's failure to preserve an objection which had no probability of success. *See Commonwealth v. Olivencia*, 265 Pa.Super. 439, 402 A.2d 519 (1979).

to tell from the record whether or not the action of trial counsel could have had a rational basis, the appellate court will vacate the judgment, at least for the time being, and remand for an evidentiary hearing at which trial counsel may state his reasons for having chosen the course of action taken.

*Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976). *See also Commonwealth v. Fountain*, 485 Pa. 383, 402 A.2d 1014 (1979); *Commonwealth v. Wade*, 480 Pa. 160, 389 A.2d 560 (1978); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. Hawkins*, 278 Pa.Super. 121, 420 A.2d 459 (1980).

The record in the instant case is plainly insufficient to resolve appellant's contention that trial counsel was ineffective for failing to object to certain of the prosecutor's remarks. Accordingly, the judgment of sentence is vacated and the case is remanded to the trial court to conduct an evidentiary hearing on all claims of counsel's ineffectiveness at trial. Should the trial court conclude that counsel was ineffective, then a new trial shall be granted. If it is determined that appellant was not denied effective assistance of counsel, the judgment of sentence shall be reinstated and appellate rights preserved. *See Commonwealth v. Twiggs*, 460 Pa. 105, 111, 331 A.2d 440, 443.