434 A.2d 1250

MOBAY CHEMICAL CORPORATION

v.

AIR PRODUCTS AND CHEMICALS INC.

v.

CHICAGO BRIDGE & IRON COMPANY; Graver Tank & Manufacturing Company; Graver Tank & Manufacturing Company—Northeast Region; Union Tank Car Company; Trans-Union Corporation; General Tire & Rubber Company; American Chain & Cable Company, Inc.

Appeal of IVS HYDRO, INC., (Formerly Industrial Valve Service).

Superior Court of Pennsylvania.

Argued Nov. 13, 1980.

Filed Sept. 4, 1981.

John W. Jordan, IV, Pittsburgh, for appellant.

Avrum Levicoff, Pittsburgh, for Mobay, appellee.

John H. Bingler, Jr., Pittsburgh, for Chicago Bridge, appellees.

David H. Trushel, Pittsburgh, for American Chain, appellee.

A. Bruce Bowden, Pittsburgh, for Vapor, participating party.

Before HESTER, BROSKY and VAN der VOORT, JJ.

HESTER, Judge:

Presently before the court is appellant IVS HYDRO, INC.'s appeal from an order of the lower court dated December 10, 1979, dismissing appellant's preliminary objections in the nature of demurrer. Due to the fact that in personam jurisdiction is involved, said order, otherwise interlocutory and hence unappealable, is properly before this court pursuant to 42 Pa.C.S.A. §§ 702 and 742 and Pa.R.A.P. 311(b)(2).

We reverse.

The relevant facts may be briefly summarized as follows: Mobay Chemical Corporation (Mobay) brought an action in trespass in the Court of Common Pleas of Allegheny County, Pennsylvania, against Air Products & Chemicals, Inc. (Air Products) to recover for property damages, business interruption loss and consequential damages allegedly sustained by Mobay as a result of an explosion which occurred at Air Products Plant immediately adjacent to Mobay's chemical plant in New Martinsville, West Virginia, on January 31, 1978.[1] Air Products then joined a number of additional defendants by writ of summons including among others, appellant IVS Hydro, Inc., and Chicago Bridge & Iron Company (Chicago Bridge), the supplier of the nitrogen vessel which exploded. Chicago Bridge filed new matter alleging that appellant had been negligent in its repair and handling in February, 1975 of the pressure safety relief valve involved in the 1978 explosion. Thereafter, Air Products filed a complaint against appellant incorporating by reference thereto, the factual allegations asserted by Chicago Bridge in its new matter.

1. The instant case is one of nine lawsuits which had been filed as a result of the industrial explosion which occurred on January 31, 1978. Two of the remaining eight cases are pending in the Court of Common Pleas of Allegheny County, two cases are pending in the United States District Court for the Southern District of Ohio in Columbus, Ohio, and the remaining four cases are pending in the Circuit Court of Marshall County, West Virginia. Appellant IVS has been named either as a defendant or an additional defendant in each of the remaining eight lawsuits.

In response to the claim asserted against it in Chicago Bridge's new matter, appellant filed preliminary objections in the nature of demurrer alleging that the Pennsylvania court lacked in personam jurisdiction over it and requested that the court dismiss the claim asserted against it by Chicago Bridge for lack of jurisdiction. Following argument, the lower court, by Judge J. Warren Watson, on December 10, 1979, entered an order, without opinion, dismissing appellant's preliminary objections in the nature of demurrer.

We conclude that under the facts of this complex and multi-faceted litigation, the lower court erred in its order of December 10, 1979, dismissing appellant's preliminary objections in the nature of demurrer. Under the facts at bar, the Pennsylvania court does not have in personam jurisdiction over appellant. Hence, we reverse.

Record facts relevant to our determination that the lower court erred when it concluded that it had in personam jurisdiction over the appellant include the following:

1. Appellant (formerly Industrial Valve Service) was incorporated in the State of West Virginia in 1972. From 1972 until 1976, it engaged exclusively in the business of repairing valves at its plant in Waverly, West Virginia.

2. Since 1977, appellant has engaged solely in the business of performing high-pressure water cleaning operations at chemical plants and power generating plants. At no time has it performed water cleaning operations at any locale in Pennsylvania.

3. Appellant has no employees or place of business in Pennsylvania. It has not offered its service in Pennsylvania and does not maintain any listing in any Pennsylvania telephone directories.

4. Appellant's only direct contacts in Pennsylvania occurred between the years 1973 and 1976 when its predecessor corporation, Industrial Valve Service, shipped 27 valves which it had repaired at its plant in Waverly, West Virginia, to three Pennsylvania customers. It is important to note

that the valve allegedly involved in this action was not one of the valves shipped into Pennsylvania by the appellant's predecessor corporation between 1973 and 1976. The shipments to the three companies in Pennsylvania between 1973 and 1976 were to companies which are not involved in this action. The shipments into Pennsylvania between 1973 and 1976 involved billings of approximately $9,000 and accounted for 3.5% of Industrial Valve's gross sales for that period.

5. Mobay is a New Jersey corporation qualified to do business in Pennsylvania with its headquarters in Allegheny County, Pennsylvania.

6. Air Products is a Delaware corporation qualified to do business in Pennsylvania with its principal place of business in Pennsylvania.

7. There existed an Agreement between Mobay and Air Products under which Air Products supplied oxygen and nitrogen to Mobay at its New Martinsville, West Virginia plant. Pursuant to that Agreement between Mobay and Air Products, it was agreed that any dispute would be governed by the laws of Pennsylvania.

8. Chicago Bridge is a foreign corporation with an office located in Philadelphia. The purchase order for the liquid nitrogen tank involved in the explosion was directed from Air Products' Pennsylvania headquarters to Chicago Bridge's Philadelphia office.

9. The valve in question was taken from Air Products' plant in New Martinsville, West Virginia, to appellant's plant in Waverly, West Virginia, where it was repaired. Following completion of the repairs, the valve was returned to the Air Products' plant in New Martinsville, West Virginia. *At no time during this repair process, was the valve in Pennsylvania.*

Our initial inquiry must commence with a review of both Federal Constitutional Law and the applicable provisions of the Pennsylvania Judicial Code dealing with the appropriateness of in personam jurisdiction.

In *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), the United States Supreme Court established the parameters under which a state court may exercise personal jurisdiction over a non-resident defendant—so long as there exists "minimum contacts" between the forum state and the defendant. Further, the Court in *International Shoe*, at 318–19, 66 S.Ct. at 159, stated:

".... there have been instances in which the *continuous* corporate operations within a state were thought *so substantial* and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." (Emphasis added)

The "minimum contacts" standard has evolved as a polestar since that time.

In *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 at 447, 72 S.Ct. 413 at 419, 96 L.Ed. 485 (1952), the United States Supreme Court opined:

"It remains only to consider, in more detail, the issue of whether, as a matter of federal due process, the business done in Ohio by the respondent mining company was *sufficiently substantial* and of such a nature as to permit Ohio to entertain a cause of action against a foreign corporation, where the cause of action arose from activities entirely distinct from its activities in Ohio." (Emphasis added.)

The Pennsylvania Judicial Code, Title 42 of the Pennsylvania Consolidated Statutes, Act of 1976, July 9, P.L. 586, No. 142, generally effective sixty days from the date of final enactment of Act of 1978, April 28, P.L. 202, No. 53 (June 27, 1978), provides in relevant part:

§ 5301. Persons

(a) General rule. The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable

such tribunals to render personal orders against such person or representative:

(2) Corporations.

(iii) The carrying on *of a continuous and systematic part* of its general business within this Commonwealth. (Emphasis added)

(b) Scope of jurisdiction. When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section. Discontinuance of the acts enumerated in subsection (a)(2)(i) and (iii) and (a)(3)(i) and (iii) shall not affect jurisdiction with respect to any act, transaction or omission occurring during the period such status existed.

Had appellant carried on a continuous and systematic part of its business in Pennsylvania as required by the above subsection, so as to vest the Pennsylvania court with in personam jurisdiction?. We are of the opinion that it did not.

The record in this case is clear that from December, 1973 through June of 1976, appellant made 27 direct shipments of repaired valves (3.5% of its gross sales volume) to three customers in Pennsylvania. As noted above, appellant has been joined in this lawsuit on the theory that it is responsible for the January, 1978 West Virginia industrial plant explosion as a result of its alleged faulty repair of a pressure safety relief valve repaired at its Waverly, West Virginia plant in 1975.

The specific valve complained of has never been in Pennsylvania. It is immaterial that appellant no longer does business in Pennsylvania; what is relevant is whether its contacts in Pennsylvania at the time of the incident complained of constituted a continuous and systematic part of its business. For if they were, then the lower court was correct when it dismissed appellant's preliminary objections based on lack of in personam jurisdiction. On the other hand, if it contacts in Pennsylvania at that time did not constitute a continuous and systematic part of its business,

then the lower court should have granted appellant's demurrer.

We conclude that the lower court erred when it dismissed appellant's preliminary objections in the nature of demurrer. Appellant's contacts in Pennsylvania during the applicable time-period (1973–1976), did not constitute a continuous and systematic part of its business. We therefore find that the Pennsylvania court lacks in personam jurisdiction over the appellant. Traditional notions of substantial justice and fundamental fairness, coupled with our review of the applicable case law, dictate that we so conclude. The cause of action against appellant should be tried in the State of West Virginia or in the appropriate Federal District Court under the diversity of citizen concept.

Order reversed.