466 A.2d 1049

**Mary A. GULENTZ, Administratrix of the Estate of James P. Gulentz, Deceased, Appellant,**

**v.**

**Wayne A. FOSDICK, B & C Trucking, Inc., Schanno Transportation, Inc., and Todd A. Trice.**

Superior Court of Pennsylvania.

Argued March 29, 1983.

Filed Oct. 7, 1983.

Petition for Allowance of Appeal Denied Jan. 31, 1984.

40

Cyril T. Garvey, Sharon, for appellant.

P. Christian Hague, Pittsburgh, for appellees.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

CAVANAUGH, Judge:

On June 5, 1980, James Gulentz was a passenger in a car which was proceeding on the Ohio Turnpike in Portage County, Ohio, near the Pennsylvania border. The vehicle in which Gulentz was a passenger was operated by Todd A.

Trice and allegedly collided with a tractor-trailer being operated by Wayne A. Fosdick. The tractor-trailer, immediately prior to the accident, had traversed Pennsylvania from Port Jervis, New York on Route 80 and had entered Ohio shortly before the accident. The tractor was owned by B & C Trucking, Inc. and the trailer by Schanno Transportation, Inc. Mr. Gulentz died as a result of the accident and the administratrix of his estate commenced wrongful death and survival actions in Mercer County, Pennsylvania, against Wayne A. Fosdick, B & C Trucking, Inc., Schanno Transportation, Inc. and Todd A. Trice. Schanno Transportation, Inc. maintains its principal office in Saint Paul, Minnesota. The defendants filed preliminary objections raising the question of jurisdiction which were sustained by the court below by order of Acker, J. The plaintiff below, the administratrix of the Estate of James P. Gulentz, deceased, appealed to this court.

At the outset, we note that the preliminary objections of all defendants were sustained by the court below but the appeal is only from that part of the order sustaining the preliminary objections of Schanno Transportation, Inc.[1] Since the accident occurred outside of Pennsylvania, the basis of in personam jurisdiction is Pennsylvania's Long Arm Statute, Act of July 9, 1976, P.L. 586, No. 142, 42 Pa.C.S.A. § 5301 which provides in pertinent part:

§ 5301. Persons

(a) General rule.—The existence of any of the following relationships between a person and this Commonwealth shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction over such person, or his personal representative in the case of an individual, and to enable such tribunals to render personal orders against such person or representative:

1. It was not the appellant but rather Schanno Transportation, as the moving party, which had the burden of supporting its objections to the court's jurisdiction. *Holt Hauling and Warehousing Systems, Inc. v. Aronow Roofing Company,* 309 Pa.Super. 158, 454 A.2d 1131 (1983) and cases cited therein.

(2) Corporations.—

(iii) The carrying on of a continuous and systematic part of its general business within this Commonwealth.

The appellant, in an effort to establish that Schanno Transportation was "carrying on a continuous and systematic part of its general business within this Commonwealth" filed several interrogatories to be answered by Schanno Transportation, Inc. In Interrogatory 11 appellant asked Schanno to list the names and addresses "of every place of business in Pennsylvania where Schanno picked up or delivered merchandise, commodities or freight in 1980..." Schanno objected on the grounds that to answer this would be burdensome and require the company to go through thousands of invoices for the year 1980. The court below directed Schanno to answer the following interrogatory:

List the name and address of five places of business in Pennsylvania where Schanno picked up and delivered merchandise, commodities, or freight in 1980 indicating in each instance whether it is the place of pickup or place of delivery.

Schanno answered that it had pick ups in Harrisburg and Carlisle and deliveries in Norristown, Altoona and Monaca. In addition, Schanno's answer to interrogatories indicated that in 1980, $735,000 of its gross receipts were attributable to its trucking activities in Pennsylvania and that this represented 3.7% of its gross receipts. This indicates that Schanno's gross receipts for 1980 were approximately twenty million dollars on a nationwide basis. On the date of the accident Schanno was transporting shoe and boot factory supplies from Brockton, Maine to Chippawa Falls, Wisconsin. In 1980 the trucking company leased or owned one hundred and seventy-four tractors and leased or owned three hundred trailers. Further, in 1980 Schanno's tractors and trailers travelled about 2.6 million miles on Pennsylvania highways and Schanno purchased five hundred and fifty-six thousand gallons of fuel in Pennsylvania, on which it paid $63,238.00 in fuel taxes. The issue to be decided on this appeal is whether the activities of Schanno in Pennsyl-

vania were sufficient to give our courts in personam jurisdiction over Schanno Transportation, Inc.

■ Pennsylvania has long evidenced an interest in extending in personam jurisdiction over foreign corporations doing business within its boundaries, for acts occurring outside the state. This interest must be balanced against a foreign corporation's constitutional right to due process. However, as noted in the landmark case of *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945):

> due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'.

■ Pennsylvania's long arm statutes go back to the Act of June 13, 1896, P.L. 568 but "[s]uccessive restrictive judicial construction of the long-arm statute by Pennsylvania courts led to legislative amendments broadening the scope of jurisdiction over foreign corporations." *Garfield v. Homowack Lodge, Inc.,* 249 Pa.Super. 392, 396, 378 A.2d 351, 354 (1977). Today under the Pennsylvania Long Arm Statute *in personam* jurisdiction over a foreign corporation is co-extensive with the permissible limits of jurisdiction under the due process clause of the federal constitution. *Crompton v. Park Ward Motors, Inc.,* 299 Pa.Super. 40, 445 A.2d 137 (1982).

The leading case of *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.,* 228 Pa.Super. 12, 323 A.2d 11 (1974) dealt with the 1972 amendment to the long arm statute and provided that in order for the minimum contacts to be present; (1) the defendant must have purposely availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws, (2) the cause of action must arise from defendant's activities within the forum state and (3) the acts of the defendant must have

a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable.

It was held that the 1972 amendment required that a foreign corporation be "doing business" within Pennsylvania to be subject to in personam jurisdiction and the court stated at 228 Pa.Super. 16, 323 A.2d 13:

Pennsylvania's recently enacted "long-arm" statute is expressly intended to extend the jurisdiction of the courts of this Commonwealth to the fullest extent permitted by the Fourteenth Amendment. The pertinent section is § 8309(b) which reads as follows:

"(b) Exercise of full constitutional power over foreign corporations:—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States."

The court further stated at 228 Pa.Super. 17, 18, 323 A.2d 14:

Although the statute retains the requirement of "doing business" as a jurisdictional trigger, the addition of the new section 8309(b), quoted supra, is clearly intended to liberalize Pennsylvania's position. Under this section those contacts sufficient to satisfy the constitutional requirements of due process are also sufficient to satisfy the "doing business" requirement of Pennsylvania law. Thus, for purposes of in personam jurisdiction over unregistered foreign corporations the evolution of the Pennsylvania "long-arm" statute has now become coexistent with the evolution of substantive jurisdictional due process as expressed by the United States Supreme Court.

The present Long Arm Statute, 42 Pa.C.S.A. § 5308, which is applicable to this case provides that: "The tribunals of this Commonwealth may exercise jurisdiction under this subchapter only where the contact with this Commonwealth is sufficient under the Constitution of the United States." While it is clear that a foreign corporation must

have minimum contacts with Pennsylvania to establish due process, "[t]he 'minimum contact' test of *International Shoe* is not susceptible of mechanical application; rather the facts of each case must be weighed to determine whether the requisite 'affiliating circumstances' are present." *Kulko v. Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132, 141 (1978). In addition, it is essential that in each case the foreign corporation purposely avail itself of the privilege of conducting activities within the forum state. *Kenny v. Alexson Equipment Co.*, 495 Pa. 107, 432 A.2d 974 (1981).

In the instant case the second requirement of the three part test of *Proctor & Schwartz, Inc., supra,* has not been met. The second requirement is that "the cause of action must arise from defendant's activities within the forum state." *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 19, 323 A.2d 11, 15. The accident in this case occurred in Ohio and it is immaterial that the tractor-trailer in question had traversed the breadth of Pennsylvania and had just entered Ohio when the accident occurred. The result would have been the same if the truck had been driven east across Ohio and had not yet entered Pennsylvania. The accident had nothing to do with Schanno's activities in Pennsylvania. We are satisfied, therefore, that the *Proctor & Schwartz* test was not met, but this does not necessarily deprive our courts of jurisdiction.

In *Bork v. Mills*, 458 Pa. 228, 329 A.2d 247 (1974) the plaintiff was injured in Virginia in an accident involving a truck allegedly hauling freight for hire to points in Pennsylvania. The Supreme Court stated at 458 Pa. 231, 329 A.2d 249:

> since their complaint makes clear that their cause of action occurred in Virginia and did not arise out of any business which Mills does within the Commonwealth, appellants must also allege that Mills' freight hauling activities are continuous and substantial enough to permit

the courts of Pennsylvania to exercise jurisdiction over him with respect to an unrelated cause of action.[2]

The case of *Garfield v. Homowack Lodge, Inc., supra,* involved a plaintiff who was injured while ice skating in Spring Glen, New York, at a resort owned by the defendant. It was agreed that the defendant advertised in a newspaper with circulation in the Philadelphia area, maintained a toll free telephone number for Philadelphia area residents to make reservations at the lodge, and paid Philadelphia travel agents a ten percent referral fee. This court considered the three-pronged test of *Proctor & Schwartz* to determine if the requisite contacts with Pennsylvania were present and noted at 249 Pa.Super. 397, 378 A.2d 354: *"Secondly the cause of action must arise from defendant's activities within the forum state."* (Emphasis added). However, the court reached the conclusion that even in the absence of a relationship between the cause of action and the defendant's activities in Pennsylvania in personam jurisdiction would lie if the defendant engaged in substantial and continuous activities in this Commonwealth. The court stated at 249 Pa.Super. 397, 398, 378 A.2d 354:

> The dissent would not resolve these issues, however, *reasoning that there is no evidence on record that the cause of action arose from appellant's activities in Pennsylvania. Nonetheless, our inquiry is not concluded for this reason, in light of the United States Supreme Court's statement in* International Shoe Co. v. Washington, supra, *that:*
>
> > "There have been instances in which the continuous corporate operations within a state were thought so

**2.** In the instant case the appellant's complaint alleged:

15. Plaintiff is unaware of the exact number of tractor-trailers owned or operated by defendant Schanno Transportation, Inc. which daily travel over Pennsylvania highways or of the names and addresses of the points of call, origin, destination, terminal, warehouse or office to or from which defendant Schanno Transportation, Inc. hauls freight, but plaintiff believes that Schanno's corporate activities are of such a continuous and substantial nature within the State of Pennsylvania that they justify an exercise of jurisdiction against it in this cause of action.

substantial and of such a nature as to justify suit against it *on causes of action arising from dealings entirely distinct from those activities.*" 326 U.S. at 318–19, 66 S.Ct. at 159.

We hold here that the defendant's method of soliciting business in Pennsylvania consisted of such substantial and continuous activities in this Commonwealth as to render it amendable to *in personam* jurisdiction. The stipulated facts of the case dictate this result. (Emphasis added).

In *Whalen v. Walt Disney World Co.,* 274 Pa.Super. 246, 418 A.2d 389 (1980) the plaintiff was injured in Florida at a hotel owned by Walt Disney World Company. Suit was brought in Pennsylvania and the court below dismissed Walt Disney World Company's preliminary objections based on lack of in personam jurisdiction. On appeal, we reversed on the ground that the defendant's activities in Pennsylvania were not substantial and continuous. The only contacts that Walt Disney World Company had with Pennsylvania were the purchase of one and one-half million dollars worth of merchandise from a Pennsylvania company and the purchase of liability insurance from a company incorporated in Pennsylvania.

The tri-partite test of *Proctor & Schwartz* has been modified so that sufficient minimum contacts may be present even if the cause of action does not arise from the defendant's activities within the forum state. In *Koenig v. International Brotherhood of Boilermakers,* 284 Pa.Super. 558, 567–8, 426 A.2d 635, 640 (1980), Cavanaugh, J., dissenting, this court stated:

In *Kingsley and Keith (Canada) Limited, et al. v. Mercer International Corp., et al.* [284] Pa.Super. [524] 426 A.2d 618 (1980) (J. 1608/79), *The Union National Bank of Pittsburgh, Exec'r. v. L.D. Pankey Institute et al.* [284] Pa.Super. [537] 426 A.2d 624 (1980) (J. 1740/79), and *Goff v. Ambrecht Motor Truck Sales, Inc., et al.,* [284] Pa.Super. [544] 426 A.2d 628 (1980) (J. 1620/79), three cases recently filed together, we evolved a two-step

test for determining whether the exercise of this state's jurisdiction over a particular nonresident was constitutional. The first step is to apply the test formulated in *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 19–20, 323 A.2d 11, 15 (1974).

\* \* \* \* \* \*

*If it appears that this test is not satisfied, the second step is to decide whether the non-resident defendant's activities in Pennsylvania unrelated to the cause of action were "continuous and substantial."* Bork v. Mills, 458 Pa. 228, 329 A.2d 247 (1974).[3] (Emphasis added).

 The language of the applicable long arm statute in this case refers not to Pennsylvania activities which are "continuous and substantial" but to the "carrying on of a continuous and systematic part of its general business within this Commonwealth."[4] The statute is not in conflict with *Bork v. Mills, supra,* and the subsequent cases relying on *Bork* but expresses the same concept in slightly different language.

The court below determined that Schanno's activities were not a systematic part of its general business. We must disagree with this conclusion. To begin with, the court below only required Schanno Transportation to list five places of business in Pennsylvania where it picked up or delivered goods in 1980. The appellant wanted to know *all* of such places of business and requested this information in its interrogatories. The fact that the court below

3. The case of *Kingsley and Keith (Canada) Limited, et al. v. Mercer International Corp.,* 284 Pa.Super. 524, 426 A.2d 618 (1980) has been withdrawn from publication.

4. Although in *Koenig v. International Brotherhood of Bookbinders, supra,* the court dealt with the same act as involved in the instant case, Act of July 9, 1976, P.L. 586, No. 142, different sections of the act were under consideration. Koenig dealt with the section found in 42 Pa.C.S.A. § 5322(a) and (b) and our case deals with the provisions in 42 Pa.C.S.A. § 5301. The provision of 42 Pa.C.S.A. § 5322(a) is not applicable as this pertains to a cause of action arising from the transaction of business in Pennsylvania.

limited the answer to the interrogatory to five such locations does not in any way indicate that Schanno's business activities were limited to pick up and delivery at five locations. In addition, we note that the five locations were in widely divergent parts of the Commonwealth. Of even greater importance, is the fact that Schanno's trucks drove over two and one-half million miles in Pennsylvania in 1980 and purchased over a half million gallons of fuel in Pennsylvania on which substantial taxes were paid. It is unrealistic to conclude that the appellee did not have a continuous and systematic business presence in Pennsylvania in 1980 or that its activities were not substantial. The company availed itself of the privilege of conducting business within the state and used its highways in a very extensive manner as a way of furthering its business interests. Schanno had gross receipts of almost three quarters of a million dollars from its trucking business conducted in Pennsylvania. Its contention that the gross receipts from Pennsylvania activities amounted to only 3.7% of its total gross receipts does not deprive our courts of jurisdiction. The appellee operated in the forty-eight continental states and its activities here were systematic and continuous notwithstanding that they represented only a small fraction of its total business. Finally, we must recognize that appellee's business is transportation and that its contacts within the Commonwealth are expectedly transient but, nevertheless, substantial.

The court below in determining that Pennsylvania lacked in personam jurisdiction over Schanno under 42 Pa.C.S.A. § 5301(b)(iii) cited *Mobay Chemical Corp. v. Air Products & Chemicals, Inc.*, 290 Pa.Super. 489, 434 A.2d 1250 (1981). In that case an explosion occurred in West Virginia resulting in property damage in 1978. Since 1977 the defendant was engaged solely in the business of performing high pressure water cleaning operations at various plants, but never conducted this business in Pennsylvania. The defendant never offered its services in Pennsylvania. Its only contact with Pennsylvania was that between 1973 and 1976 the defendant's predecessor corporation shipped twenty-sev-

en valves which it repaired in West Virginia to customers in Pennsylvania. From 1972 until 1976 the defendant engaged exclusively in repairing valves in West Virginia. This court held that the defendant's contacts in Pennsylvania from 1973 to 1976 did not constitute a continuous and systematic part of its business and that the defendant foreign corporation did not have sufficient minimum contacts with Pennsylvania to form a basis of in personam jurisdiction. The facts in *Mobay Chemical* are readily distinguishable from those in the instant case.

In order to extend in personam jurisdiction over Schanno it must appear that its conduct was within the long arm statute and that application of the statute does not violate the Fourteenth Amendment of the United States Constitution. *Kingsley & Keith (Canada) Limited v. Mercer International Corporation*, 291 Pa.Super. 96, 435 A.2d 585 (1981). While the tri-partite test of *Schwartz & Proctor, supra*, is often referred to, the second requirement is in effect disregarded if the corporation engages in substantial and continuous activities in this state and the other requirements are met. Further, it has been stated that: "the third part of the [Proctor & Schwartz] test is the most significant." *Kingsley & Keith (Canada) Limited v. Mercer International Corporation, supra*, 291 Pa.Super. at 108, 435 A.2d at 591. This case was affirmed by an equally divided Supreme Court, 500 Pa. 371, 373, 456 A.2d 1333, 1335 (1983). The case involved a breach of contract rather than a wrongful death and survival action.[5] The appellant

---

5. The instant case involves an action based on negligence rather than on contract, and with respect to trespass, this court stated in *Kingsley & Keith (Canada) Limited v. Mercer International Corporation*, supra, 291 Pa.Super. at 106, 107, 435 A.2d 590:

In contrast, in actions in trespass the courts have focused on where the injury took place. Thus in the leading Pennsylvania case of *Bork v. Mills*, 458 Pa. 228, 329 A.2d 247 (1974), our Supreme Court held that although a Maryland defendant had done business in Pennsylvania, the business was not so continuous or substantial as to make him subject to suit in Pennsylvania in connection with an automobile accident that had occurred in Virginia. There was no claim in *Bork* that the plaintiff or the accident had any connection with the defendant's business activities in Pennsylvania. *See*

was a Canadian firm which entered into a contract to transport goods manufactured in Pennsylvania from Pennsylvania to Canada. A claim was brought for improper carriage of goods and it was held that the Canadian firm was subject to the jurisdiction of Pennsylvania courts, notwithstanding lack of proof that the alleged breach of contract occurred in Pennsylvania. The Supreme Court stated at 500 Pa. 371, 373, 456 A.2d 1333, 1334, 1335:

> The state's interest in assuring that a contract for the safe transportation of Pennsylvania goods is properly performed must be evident. Not only does Pennsylvania have an interest in highway safety; it also has an interest in assuring that Pennsylvania manufacturers do not bear unwarranted liability for goods proper when made and delivered to the buyer's carrier.[6]
>
> The test can be illustrated by the facts of *Peters v. Robin Airlines*, 281 A.D. 903 [120 N.Y.S.2d 1] (2d Dept. 1953). A New York statute purported to grant jurisdiction over operators of aircraft in collision litigation if the craft had landed at or departed from a New York airfield. In a brief opinion, the *Peters* court refused to apply the statute because the New York stopover did not contribute to the crash. The stopover was of no substantive relevance to the dispute, since the complaint did not allege that the collision was due to negligent operation or maintenance there. For this reason, it should be categorized as an unrelated contact. [Footnotes omitted.]

*Id.* at 84.

also, *Whalen v. Walt Disney World Co.,* 274 Pa.Super. 246, 418 A.2d 389 (1980); *Lebkuecher v. Loquasto,* 255 Pa.Super. 608, 389 A.2d 143 (1978); *Garfield v. Homowack Lodge, Inc.,* 249 Pa.Super. 392, 378 A.2d 351 (1977).

**6.** The opinion in support of reversal deals with the troublesome second prong of the *Proctor & Schwartz* test and states at 500 Pa. 371, 456 A.2d 1338:

> One commentator has suggested that the activities of the non-resident defendant are related to the cause of action when there exists "substantive relevance" between the facts constituting the forum contact and the facts required to prove the substantive cause of action. 1980 *Supreme Court Review* at 82.

*The purpose of the second prong, as it relates to substantive relevance, is to insure that the acts of the nonresident defendant within the forum state represent the factual predicates upon which a cause of action are to be based. Without this requirement the nexus between the defendant's activities, the cause of action and the forum state have not been established. Such a causal connection is critical to the assertion of long-arm jurisdiction.* (Emphasis added).

We recognize that under our application of Pennsylvania's long arm statute to the facts in this case that the appellant could possibly select any state of the forty-eight continental United States as the forum state, assuming the selected state had a similar long arm statute and that Schanno had the same or similar contacts with the forum state as it has with Pennsylvania. Nevertheless, we believe that Schanno had sufficient minimum contacts with Pennsylvania to render in personam jurisdiction over it reasonable and proper under the law.

Order reversed and case remanded for further proceedings consistent with this opinion.

BROSKY, J., filed a dissenting opinion.

BROSKY, Judge dissenting:

I respectfully dissent. I do not believe that the acts of Schanno have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable in this case.[1]

Initially, I note that I fully agree with the majority that the requirement of *Proctor & Schwartz, Inc. v. Cleveland Lumber Co.*, 228 Pa.Super. 12, 323 A.2d 11 (1974), that the

1. Although the majority states in footnote 1 of its opinion that Schanno had, as the moving party, the burden of proof on the issue of jurisdiction, this question does not appear to have been settled under Pennsylvania case law. See and compare, *Crompton v. Park, Ward Motors, Inc.*, 299 Pa.Super. 40, 445 A.2d 137 (1982) and cases cited therein with *Holt Hauling and Warehousing Systems, Inc. v. Aronow Roofing Co.*, 309 Pa.Super. 158, 454 A.2d 1131 (1983) and cases cited therein.

cause of action must arise from a corporation's activities within the forum state is disregarded if the corporation engages in substantial and continuous activities in this state.[2]

I also agree with the majority that the other requirements of *Proctor & Schwartz* must still be met[3] and that in

**2.** Subsection (b) of 42 Pa.C.S.A. § 5301 states the following:
(b) Scope of jurisdiction.—When jurisdiction over a person is based upon this section any cause of action may be asserted against him, whether or not arising from acts enumerated in this section. Discontinuance of the acts enumerated in subsection (a)(2)(i) and (iii) and (3)(i) and (iii) shall not affect jurisdiction with respect to any act, transaction or omission occurring during the period such status existed. 1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978; as amended 1978, April 28, P.L. 202, No. 53, § 10(60), effective June 27, 1978. As amended 1981, July 10, P.L. 237, No. 77, § 3, effective in 60 days.

Thus, once the conclusion is reached that Pennsylvania activities that are continuous and substantial are encompassed by § 5301(2)(iii) (carrying on of a continuous and systematic portion of general business), subsection (b) clearly provides that the cause of action need not arise from those activities. Cf. 42 Pa.C.S.A. § 5322(c) (scope of jurisdiction limited to causes of action arising from acts enumerated in the section).

**3.** Prior cases have not been entirely clear as to whether satisfaction of the "continuous and substantial activities" test enunciated in *Bork v. Mills,* 458 Pa. 228, 229, 329 A.2d 247, 249 (1974), is alone sufficient for the exercise of jurisdiction or whether the test is only meant to be an alternative to the second requirement of *Proctor & Schwartz.* The case cited by the majority in regard to this issue, *Koenig v. International Brotherhood of Boilermakers,* 284 Pa.Super. 558, 426 A.2d 635 (1980), appears to treat the *Mills* test as one that is independent of the *Proctor & Schwartz* requirements, but that should only be applied if the *Proctor & Schwartz* test is not satisfied.

However, in practical effect, I believe it would make very little difference which way the *Mills* test is applied. The test stated in *Mills* was that "jurisdiction ... may be found where the nonresident's activities in the forum state are 'so continuous and substantial as to make it reasonable' to require the nonresident defendant to submit to the jurisdiction of the Pennsylvania courts. *Bork v. Mills,* 458 Pa. 228, 232, 329 A.2d 247, 249 (1974)." *Kingsley & Keith (Canada) Limited v. Mercer International Corp.,* 500 Pa. 371, 382, 456 A.2d 1333, 1339 (1983) (Opinion in Support of Reversal). Thus, it can be seen that this test actually incorporates the third requirement of *Proctor & Schwartz* of reasonability. Furthermore, it is difficult to conceive of a case in which a defendant's activities are so continuous and substantial as to make the exercise of jurisdiction reasonable, but in which it has not purposefully availed itself of the privilege of acting within the forum

this case the first requirement that a defendant must have purposefully availed itself of the privilege of acting within the forum state has been met. Finally, I agree with the majority's statement that the third requirement of *Proctor & Schwartz* is the most significant, but I believe that it is here where the majority's analysis falls short.

The focus of the third part of the Proctor & Schwartz test is on whether "the exercise of jurisdiction in this particular case [would] be fair and reasonable under the circumstances." Id., 228 Pa.Superior Ct. 20, 323 A.2d at 16. As previously noted, the determination of whether an exercise of jurisdiction is reasonable depends on the burden that would be imposed on the defendant, in light of several factors, including the forum state's interest in resolving the dispute; the plaintiff's interest in obtaining convenient and effective relief; the interstate judicial system's interest in the most efficient resolution of the controversy; and the interest of the several states in furthering substantive social policies.

*Kingsley & Keith (Canada) Limited v. Mercer International Corporation,* 291 Pa.Super. 96, 108–109, 435 A.2d 585, 591 (1981), citing *World-Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The only treatment by the majority of the requirement appears to be its discussion of the Supreme Court case of *Kingsley & Keith,* supra. The only relevance the quoted portion of that case would seem to have is in the statement that Pennsylvania has an interest in highway safety. As noted above, there are, however, several other factors to be considered in determining whether an exercise of jurisdiction is reasonable.

Certainly, Pennsylvania has some interest in adjudicating this dispute, since appellant and Todd Trice are residents of Pennsylvania, as was James Gulentz. However, this inter-

state. Therefore, it appears that if the *Mills* test is satisfied, so also will be the first and third requirement of *Proctor & Schwartz.*

est is not as strong as it would be had the accident taken place in Pennsylvania.

Also, I believe that exercise of jurisdiction by a Pennsylvania court would not advance appellant's interest in obtaining convenient and effective and definitely would not further the interstate judicial system's interest in obtaining the most efficient resolution of controversies.

Appellant has already filed a protective action in Ohio, where all parties involved are amenable to suit, in case of an adverse decision on the jurisdictional question in Pennsylvania. Since this appeal is only from that part of the order sustaining Schanno's preliminary objections will have to pursue her action in Ohio against Wayne Fosdick and B & C Trucking regardless of the outcome of this appeal.

In addition, defendant Todd Trice filed cross-claims in the court below against Fosdick, B & C Trucking, and Schanno. These claims were dismissed on preliminary objections raising the question of jurisdiction. Thus, Schanno would almost certainly be subjected to suit in Ohio by Trice in addition to having to defend appellant's suit in Pennsylvania under the result reached by the majority. Furthermore, two other lawsuits involving all the defendants in this case have also been filed in Ohio. Lastly, I note that appellant was not precluded from entering, and did, in fact, enter a forum where she could have obtained a resolution of her claims against all the defendants in this case.

I "believe that in these circumstances the exercise in Pennsylvania of jurisdiction over [Schanno] would be unreasonable within the meaning of the third part of the *Proctor & Schwartz* test. *Crompton v. Park Ward Motors, Inc.,* 299 Pa.Super. 40, 47, 445 A.2d 137, 140 (1982); cf. *Kingsley & Keith v. Mercer International Corp.,* 291 Pa.Super. 96, 435 A.2d 585 (1981) (exercise of jurisdiction reasonable when breach of contract affected Pennsylvania domiciliary and all other parties to the transaction were in Pennsylvania.)

Therefore, I would affirm the order of the court below.