**Gwillym AMOS, Jr., an incompetent, by his duly appointed guardian, Gwillym AMOS, Sr., Plaintiff,**

**v.**

**Robert G. PENDRY; Samuel D. Morrison; and Johnny Boyles Trucking, Incorporated, Defendants.**

**No. CV 91–218.**

United States District Court, M.D. Pennsylvania, Scranton Division.

Dec. 30, 1992.

---

William F. Anzalone, Anzalone Law Offices, Wilkes–Barre, PA, for plaintiff.

Robert S. Davis, Philadelphia, PA, for defendants Robert G. Pendry and Johnny Boyles Trucking Co., Inc.

Mark P. Harbison, Earl T. Britt, Britt, Hankins, Schaible & Moughan, Philadelphia, PA, for defendant Samuel D. Morrison.

## MEMORANDUM

NEALON, District Judge.

In this personal injury action, the plaintiff has alleged that the defendants, Robert G. Pendry (Pendry), Samuel D. Morrison (Morrison) and Johnny Boyles Trucking, Inc. (Boyles), caused a motor vehicle accident on September 1, 1991, in which the plaintiff sustained "severe, painful, disabling, disfiguring, and permanent injuries." Defendant Morrison has moved pursuant to Fed.R.Civ.P. 12(b)(2) to dismiss the complaint against him on the basis that this court lacks *in personam* jurisdiction. The plaintiff has filed his brief in opposition, to which the defendant has replied. The time for further reply has passed and the motion is ripe for disposition. For reasons which follow, the court will grant defendant Morrison's motion to dismiss.

### I.

On the morning of September 1, 1990, while hauling goods from North Carolina to Bergen, New Jersey, Pendry, a truck driver with Boyles, was required to stop along I–78 after his tractor-trailer had become disabled. After examining the vehicle, Pendry, by radio, summoned Morrison, also a driver with Boyles, who was travelling in the near vicinity, for assistance. Morrison stopped and discussed the condition of Pendry's vehicle after which they proceeded to a truck stop where they assisted a representative of Freightliner in making the repairs. The pair then agreed that Pendry would follow Morrison in delivering the goods to Bergen, New Jersey. Pendry was traveling eastward on Route 22 in Phillipsburg, New Jersey, when the collision occurred.

The plaintiff claims that Morrison is liable for the plaintiff's injuries because his deposition revealed that he had been racing his vehicle against Pendry's at the time of the accident. When Morrison passed through the intersection of Route 22 and the Phillipsburg Mall, Pendry followed in an apparent attempt to keep up with Morrison. Pendry then attempted to cross the intersection against a red light and collided with the plaintiff's vehicle which was exiting from the Phillipsburg Mall. The impact occurred while the plaintiff was crossing the eastbound lanes of Route 22, with a green traffic light in his favor.

### II.

In considering a motion to dismiss on the basis of the lack of *in personam* jurisdiction over the defendant, the plaintiff bears the burden of proving that the defendant has sufficient contacts with the forum state. *Time Share Vacation Club v. Atlantic Resorts Ltd.*, 735 F.2d 61, 63 (3rd Cir.1984). "The plaintiff must come forward with sufficient jurisdictional facts by affidavit, deposition or other competent evidence to establish the court's jurisdiction

over the defendant." *Atlantic Financial Federal v. Bruno,* 698 F.Supp. 568, 569–570 (E.D.Pa.1988).

■ To determine whether *in personam* jurisdiction exists over a nonresident such as Morrison, a district court sitting in diversity must first look to the forum state for authorization of jurisdiction through the forum state's long arm statute; and second, if the long arm statute does, in fact, confer jurisdiction, it must comport with the Due Process clause of the Constitution. *Provident Nat'l Bank v. California Federal Savings & Loan Assoc.,* 819 F.2d 434, 436 (3d Cir.1987) ("A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state.") (*citing* Fed.R.Civ.P. 4(e)).

■ In *Van Buskirk v. Carey Canadian Mines, Ltd.,* 760 F.2d 481 (3rd Cir.1985), the Third Circuit Court of Appeals noted that:

This two-step process has been conflated in many states, Pennsylvania among them, by the adoption of a long-arm statute that authorizes jurisdiction to the fullest extent allowed by the United States Constitution.... Because Pennsylvania's statute expressly incorporates the federal due process standard, we need only inquire whether *in personam* jurisdiction over ACL under the circumstances here satisfies due process requirements.

*Id.* at 490 (citations omitted); *see also* 42 Pa.C.S.A. § 5322(b) (jurisdiction of the Pennsylvania courts may be exercised with respect to all persons, including corporations, "to the fullest extent allowed under the Constitution of the United States"). Due Process requires "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (*quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)).

The *Van Buskirk* court observed that:

[i]n *International Shoe v. Washington,* 326 U.S. 310[, 66 S.Ct. 154, 90 L.Ed. 95] (1945), the Court set forth a two-track approach to determine the constitutional limits on long-arm jurisdiction. Different jurisdictional tests apply where the cause of action arises from non-resident defendant's specific forum-related acts and where the cause of action arises from non-forum acts, but the defendant has an ongoing connection with the forum. The latter exercise of jurisdiction is termed "general jurisdiction," ... while the former is characterized as "specific jurisdiction."

*Id.* at 490 (citations omitted); Here, the facts clearly demonstrate that the exercise of "specific jurisdiction" is inappropriate. The accident which has resulted in the present suit occurred in Phillipsburg, New Jersey and, thus, it cannot be stated that "the cause of action [arose] from the defendant's specific forum-related acts." *Van Buskirk,* 760 F.2d at 490. Moreover, Morrison does not own any real property within the Commonwealth, nor has he consented to jurisdiction in Pennsylvania. Accordingly, the court's inquiry turns to "general jurisdiction."

When a cause of action arises, like it has here, from the defendant's non-forum related activities, "'the plaintiff must demonstrate that in other respects (other than contacts related to the claim itself) the defendant has maintained 'continuous and substantial' forum affiliations.'" *Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 541 (3rd Cir.1985) (*citing Reliance Steel Products v. Watson, Ess, Marshall & Enggas,* 675 F.2d 587, 588 (3rd Cir.1982)); *see also Snyder Intern., Inc. v. Tap Equipment Co.,* 770 F.Supp. 279, 281 (W.D.Pa.1991) ("... demonstrating that Universal has 'continuous and systematic' contacts with the forum state which would vest the Court with general jurisdiction."); *Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 415–416, 104 S.Ct. 1868, 1872–1873, 80 L.Ed.2d 404 (1984) ("We thus must explore the nature of Helico's contacts with the State of Texas to determine whether they constitute the kind of continuous and systematic *general*

*business contacts* the Court found to exist in *Perkins.*") (emphasis supplied).

■ The defendant has cited several cases in support of its theory that the plaintiffs have failed to show "continuous and substantial" forum activities. Upon a thorough review of those cases, however, the court finds them distinguishable. The plaintiff has cited *Gulentz v. Fosdick,* 320 Pa.Super. 38, 466 A.2d 1049 (1983), as "on all fours" with the present case. There, the Pennsylvania Superior Court found jurisdiction over the defendant trucking company who was found to have "continuous and substantial" contacts with the Commonwealth as part of its "general business." *Id.* 466 A.2d at 1051. The court stated that, "[t]he issue to be decided on this appeal is whether the activities of [the defendant corporation] in Pennsylvania were sufficient to give our courts *in personam* jurisdiction over Schanno Transportation Inc." *Id.* at 1051–52. In so doing, it noted that the appellants in *Gulentz* did not appeal the order of the lower court sustaining the jurisdictional challenges to the *individual truckers* who drove for Schanno. Thus, the issue of whether the Gulentz court had jurisdiction over the individual truckers was never addressed, which leaves Gulentz readily distinguishable. Moreover, the fact that 3.7% of Schanno's business (more than $735,000.00 revenue in gross receipts from only five of several pick-up/delivery stops presented into evidence) was conducted in Pennsylvania also supported the court's finding of jurisdiction.

The plaintiff contends that Morrison is a "direct beneficiary" of the roads of Pennsylvania and, therefore, is subject to personal jurisdiction in the state. He contends that Morrison traveled over 106,000 miles through Pennsylvania from 1989 through 1992 and, because he is paid by the mile and must purchase gasoline for the truck (which his employer reimburses) he has maintained sufficient contacts with the Commonwealth to establish jurisdiction. Moreover, the plaintiff asserts that the defendant was entitled to police protection while traveling Pennsylvania's highways.

However, the plaintiff's argument misses the point. Here, all that has been established is that Morrison's job required him to frequently drive through Pennsylvania. Such a broad reading of the due process limitation on personal jurisdiction would then make every driver traveling on another state's highways subject to that state's jurisdiction, regardless of where the cause of action arose. If personal jurisdiction could be established by the mere act of traversing another state's highways, the underlying concerns of due process would be defeated, namely, that "it is reasonable and fair to require [a defendant] to conduct [its] defense in that state." *Time Share Vacation Club,* 735 F.2d at 63; *see also Federal Ins. Co. v. Lake Shore, Inc.,* 886 F.2d 654 (4th Cir.1989) (in determining that personal jurisdiction was inappropriate, the Court of Appeals noted that the defendant had not "created 'continuing obligations' between itself and residents of the forum").[1] Accordingly, the court concludes that the present record does not establish *in personam* jurisdiction over Morrison.

■ Finally, in the alternative, the plaintiff argues that subsection four of Pennsylvania's Long–Arm statute allows jurisdiction over defendants who have "caus[ed] harm or tortious injury in this commonwealth by an act or omission outside of the commonwealth." *See* 42 Pa.C.S.A. § 5322(a)(4). The plaintiff contends that because his primary injuries occurred not from the accident itself, but as a result of the subsequent inter-operative coagulapa-

---

1. The Fifth Circuit Court of Appeals has noted that:

    [t]he notion of general jurisdiction is based on a concept of "exchange." The language of exchange captures both the sovereign interest of the state and the interest of the person in a fairly accessible forum. It accommodates both by invoking constructive consent. That is, by invoking the benefits and protections of the forum's laws, the nonresident defendant is seen as "consenting" to being sued there.

thy[2] performed in a Pennsylvania hospital, jurisdiction is proper. This position cannot be accepted. *See Hilferty v. Neesan,* 506 F.Supp. 218 (E.D.Pa.1980). In *Hilferty,* the plaintiff, a Pennsylvania citizen, who had been injured at the defendants' New Jersey residence, sought to obtain jurisdiction over the defendants in federal court in Pennsylvania. The court held that "the mere fact that a plaintiff may have some residual pain and suffering while recuperating in the forum state from an accident which occurred entirely out of state is not the type of harm 'caused in the Commonwealth' that the long arm statute contemplated." *Id.* at 220; *see also Shong Ching Lau v. Change,* 415 F.Supp. 627, 629–630 (E.D.Pa.1976). The *Hilferty* rationale is equally applicable here and, thus, the plaintiff's alternate ground for establishing jurisdiction is also without merit.

### III.

In sum, the court concludes that the plaintiff has not established a sufficient factual basis upon which this court can conclude that it has in personam jurisdiction over defendant Morrison.

*Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 375 (5th Cir.1987).

**2.** The plaintiff suffered from a condition known as "diffuse intra-operative coagulapathy", the in-

ability to control internal bleeding. The condition resulted in multiple organ failure. *See* document 44 of record.